SAFEWAY MANAGING GENERAL AGENCY, INC., for State and County Mutual Fire Insurance Company, Appellant,

v.

CLARK & GAMBLE, Kenneth L. Clarke, Sr., P.C., Kenneth L. Clark, William J. Gamble, and John R. Wondra, Appellees.

No. 04–98–00130–CV.

Court of Appeals of Texas, San Antonio.

Dec. 9, 1998.

Andrew E. Toscano, The Kugle Law Firm, Gene Toscano, Gene Toscano, Inc., San Antonio, for Appellant.

Edward C. Mainz, Jr., Thorn, Summers, Biechlin, Dunham & Brown, L.C., San Antonio, for Appellee.

Before ALMA L. LÓPEZ, J., PAUL W. GREEN, J., and SARAH B. DUNCAN, J.

## OPINION

PAUL W. GREEN, Justice.

This appeal questions whether an insurance carrier has standing to sue the attorneys it hires to represent its insured. We hold the carrier lacks standing to bring causes of action based on agency or the existence of an attorney-client relationship. However, we also hold the carrier has standing to assert claims for negligent misrepresentation, fraud, conspiracy, breach of contract, and breach of warranty. Accordingly, we affirm in part, and we reverse and remand in part.

## Background

In 1993, Eliodoro Garcia was involved in a car accident with Michelle Manning, who was insured for $20,000 by State and County Mutual Fire Insurance Company (SCM). In 1994, Garcia obtained a default judgment against Manning in the amount of $495,-212.70. Shortly thereafter, Garcia sued SCM. Acting through Safeway Managing General Agency, Inc. (Safeway), SCM hired the law firm of Clark & Gamble and its attorneys, Kenneth L. Clark, Sr., William J. Gamble, and John R. Wondra (collectively, Clark & Gamble), to represent Manning. SCM was represented by its own attorney.

Clark & Gamble negotiated a settlement with Garcia for $23,647.25. According to Safeway, Clark & Gamble characterized the settlement as a full release of all Garcia's claims. Accordingly, Safeway released the funds without first approving the settlement papers. When Safeway received the executed documents, it discovered that Garcia had settled only the amount of the judgment in excess of the policy limits. To settle the claims against the policy, Safeway paid Garcia an additional $20,000.

Safeway then sued Clark & Gamble for negligence, gross negligence, fraud, civil conspiracy, breach of fiduciary duty, breach of agency, breach of warranty, and breach of contract. The cause of action for breach of fiduciary duty was specifically premised on an attorney-client relationship between Safeway and Clark & Gamble. In a similar fashion, the breach of agency theory was premised on an agency relationship between Safeway and Clark & Gamble. In contrast, the causes of action for negligence, gross negligence, and fraud were based, among other things, on Clark & Gamble's misrepresentations about the settlement. The foundations for the remaining causes of action were unclear.

Clark & Gamble moved for summary judgment, arguing that all of Safeway's causes of action assumed an attorney-client relationship between Safeway and Clark & Gamble, which, according to the firm, did not exist. Thus, argued Clark & Gamble, Safeway

lacked standing to sue. The trial court granted the motion, and Safeway appealed.

## Issues on Appeal

■ Clark & Gamble contends the appeal is limited to standing as it relates to breach of agency and fraud. According to Clark & Gamble, Safeway waived its appeal for the remaining causes of action by failing to bring a *Malooly* point [1] and by failing to brief each cause of action. We disagree.

Safeway's issue on appeal addresses standing, which was the only ground for summary judgment. *See* TEX.R.APP. P. 38.1(e) (permitting either points of error or issues); *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970) (requiring appellant to attack each ground for summary judgment). Furthermore, Safeway's brief refers to "all causes of action." *See* TEX.R.APP. P. 38.9 (briefing rules to be liberally construed). Therefore, Safeway preserved error as to each cause of action, and we examine the trial court's judgment in its entirety.

## Standard and Scope of Review

We review a summary judgment de novo. To prevail, the movant must show there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c).[2] When a defendant moves for summary judgment on an affirmative defense, like standing, the defendant must conclusively prove each element of the defense as a matter of law. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *see also DeWoody v. Rippley*, 951 S.W.2d 935, 943 (Tex.App.—Fort Worth 1997, writ dism'd by agr.).

Thus, Clark & Gamble must show that Safeway was not the proper party to bring its lawsuit. *See Dresser Industries, Inc. v. Snell*, 847 S.W.2d 367, 375–76 (Tex.App.—El Paso 1993, no writ). In other words, Clark &

Gamble must show that Safeway did not sustain an injury that had a direct relationship to the claim sought to be adjudicated. *See id.* at 376. Whether Safeway would be successful on the merits is not relevant to this inquiry. *See Health & Tennis Corp. v. Jackson*, 928 S.W.2d 583, 587 (Tex.App.—San Antonio 1996, writ denied).

## Breach of Fiduciary Duty

■ Safeway's claim against Clark & Gamble for breach of fiduciary duty is based solely on an alleged attorney-client relationship that existed by virtue of the firm's representation of Manning. Clark & Gamble asserts Safeway lacks standing to sue for breach of fiduciary duty because no attorney-client relationship existed between them. We agree with Clark & Gamble.

In Texas, the law is well settled that no attorney-client relationship exists between an insurance carrier and the attorney it hires to defend one of the carrier's insureds. *Bradt v. West*, 892 S.W.2d 56, 77 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *cf. State Farm Mutual Auto. Ins. Co. v. Traver*, 980 S.W.2d 625, 627–28 (1998) (noting the attorney owes unqualified loyalty to the insured).[3] Absent the requisite attorney-client relationship and the absence of any other alleged relationship, Safeway lacks standing to claim breach of fiduciary duty. *Cf. Zuniga v. Groce, Locke & Hebdon*, 878 S.W.2d 313, 315 (Tex.App.—San Antonio 1994, writ ref'd) (stating general rule that a nonclient cannot sue a lawyer for professional malpractice). Accordingly, the trial court did not err in granting summary judgment in favor of Clark & Gamble on this cause of action.

## Breach of Agency

■ Like its fiduciary duty claim, Safeway's cause of action for breach of agency is

---

**1.** *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970) (recommending a general point of error stating "the trial court erred in granting summary judgment").

**2.** The existence of standing is a question of law when the material facts are undisputed. *See Cleaver v. George Staton Co.*, 908 S.W.2d 468, 472 (Tex.App.—Tyler 1995, writ denied).

**3.** Safeway urges us to follow *American Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480, 484 (Tex.1992), which held that an excess insurance carrier may sue an attorney provided by a primary insurance carrier. *American Centennial* is based on equitable subrogation, not a direct attorney-client relationship. We decline to extend its holding to the facts of this case.

based on a relationship established by its employment of Clark & Gamble on Manning's behalf. The law firm maintains that no agency exists and, therefore, that Safeway lacks standing. We agree with Clark & Gamble.

Safeway relies on *Ranger County Mutual Ins. Co. v. Guin*, 723 S.W.2d 656, 659 (Tex. 1987), which described the relationship between an insurer and the attorney it hires for its insured as one of agency. In *Traver*, the Supreme Court concluded this language was dicta. *Traver*, 980 S.W.2d at 628 (citing *American Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex.1994)). Thus, we cannot read *Ranger* as creating an agency relationship between Safeway and Clark & Gamble. Without the requisite agency relationship, Safeway's claim for breach of agency is unsupported, and the trial court did not err in concluding Safeway lacked standing for this cause of action.

## Negligence & Fraud

■ Safeway alleged that Clark & Gamble negligently and fraudulently misrepresented the terms of the settlement agreement. On appeal, Clark & Gamble contends there is no evidence of any misrepresentation. The issue, however, is not whether Safeway would be successful on the merits but whether it has standing to bring these allegations. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993) (holding summary judgment cannot be affirmed on grounds not expressly mentioned in motion). Although Safeway has no standing to sue for professional negligence, we conclude it has standing to bring its claims for misrepresentation and fraud.

■ A negligent misrepresentation claim is not equivalent to a professional malpractice claim. *F.E. Appling Interests v. McCamish, Martin, Brown & Loeffler*, 953

S.W.2d 405, 408 (Tex.App.—Texarkana 1997, pet. granted). Under a negligent misrepresentation theory, liability is not based on professional duty; instead, liability is based on an independent duty to avoid misstatements intended to induce reliance. *Id.*; RESTATEMENT (SECOND) OF TORTS § 552 (1977). Fraud is based on a similar duty. *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex.1994). Therefore, an attorney can be subject to a negligent misrepresentation or fraud claim in a case in which the attorney is not subject to a professional malpractice claim. *See Appling*, 953 S.W.2d at 408; *see also Querner v. Rindfuss*, 966 S.W.2d 661, 667 (Tex.App.—San Antonio 1998, pet. denied); *Burnap v. Linnartz*, 914 S.W.2d 142, 148–49 (Tex.App.—San Antonio 1995, writ denied).[4] Likewise, Safeway cannot sue for professional negligence, but it does have standing to sue for negligent misrepresentation and fraud.

## Remaining Causes of Action

■ The remainder of Safeway's claims include civil conspiracy, breach of contract, and breach of warranty. According to Clark & Gamble, Safeway lacks standing to bring these causes of action because they are based on an attorney-client relationship that does not exist. These causes, however, are not specifically based on the existence of an attorney-client relationship or agency, and we cannot presume they are. *Cf. Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982) (requiring liberal construction of plaintiff's petition); TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 3.07[1] (1996) (explaining that summary judgments cannot be used as substitutes for special exceptions). By not challenging any other basis for standing, Clark & Gamble failed to establish its right to summary judgment as a matter of law. We hold Safeway has standing to bring its remaining claims.

---

4. We decline to follow those cases that do not address section 522 of the Restatement, which was adopted by the Texas Supreme Court in *Federal Land Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex.1991). *See, e.g., Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 622–23 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *First Municipal Leasing Corp. v. Blankenship,* *Potts, Aikman, Hagin and Stewart*, 648 S.W.2d 410, 413–14 (Tex.App.—Dallas 1983, writ ref'd n.r.e.). While *Sloane* did not involve a tripartite relationship, the Restatement logically should be extended to other business/professional contexts. Steven K. Ward, *Developments in Legal Malpractice Liability*, So. Tx. L.Rev. 121, 128 (1990).

### Conclusion

Because no attorney-client or agency relationship exists between Safeway and Clark & Gamble, Safeway lacks standing to bring its claims for breach of fiduciary duty and breach of agency. However, Safeway has standing to bring the causes of action unrelated to the existence of an attorney-client relationship. Accordingly, we affirm in part, and reverse and remand in part.