COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| STICO MUTUAL INSURANCE COMPANY, RRG, As Subrogee to Plaintiff MODERN WELDING COMPANY OF TEXAS, INC., | § § § | No. 08-12-00011-CV |
| Appellant, | § | Appeal from the |
| v. | § | 171st Judicial District Court |
| ADVANCED POLYMER COATINGS, INC. AND TECHNI-KOTE, INC., | § § | of El Paso County, Texas (TC# 2009-1176) |
| Appellees. | | |

## **O P I N I O N**

STICO Mutual Insurance Company, RRG, as Subrogee to Plaintiff Modern Welding Company of Texas, Inc. appeals the trial court's summary judgment in favor of Appellees, Advanced Polymer Coatings, Inc. and Techni-Kote, Inc. In two issues, STICO argues that summary judgment was improper because: (1) it had standing to pursue an equitable-subrogation action against Appellees; and (2) Appellees failed to demonstrate that as a matter of law, it cannot seek contribution from them. Concluding that the trial court erred in granting summary judgment, we reverse and remand.

## **FACTUAL AND PROCEDURAL BACKGROUND**

Western Summit Constructors, Inc. was hired by the City of El Paso as general contractor to construct a water desalination facility. Western Summit in turn subcontracted with Modern

Welding Company of Texas, Inc. to manufacture two carbon steel vessels for storing hydrochloric and sulfuric acids. As part of its contract with Western Summit, Modern Welding agreed to indemnify Western Summit for any damages "arising out of or related to . . . any subcontractor or supplier of goods or services to [Modern Welding]" and to obtain liability insurance to cover this indemnity obligation. Modern Welding purchased a liability policy from STICO.

After constructing the vessels, Modern Welding subcontracted with Techni-Kote to coat the vessels with a certain chemical-resistant paint allegedly manufactured by Advanced Polymer. The vessels later leaked, and the resulting chemical spill caused extensive damage to the facility. Western Summit sought repayment from Modern Welding for the costs incurred in cleaning up and remediating the damage. STICO paid Western Summit more than $422,000 on Modern Welding's behalf, and Western Summit and Modern Welding signed a mutual release and settlement agreement. As part of the agreement, Western Summit released Modern Welding and STICO from all claims accruing to Western Summit and assigned to them its causes of action against Appellees; Modern Welding released Western Summit from all claims accruing to Modern Welding.

Modern Welding, by and through STICO, sued Appellees "pursuant to [STICO's] legal and contractual subrogation rights" for reimbursement of the amount paid to Western Summit. Modern Welding alleged, among other things, that Appellees were negligent and breached various warranties. After each filed answers, Appellees jointly moved for summary judgment on the ground that STICO lacked standing to pursue its lawsuit against them because Modern Welding—as a settling tortfeasor—was barred from pursuing contribution from them—as

2

non-settling parties. STICO responded, asserting that it had standing because it was pursuing an equitable-subrogation claim. In their reply to STICO's response, Appellees maintained that equitable subrogation was inapplicable because STICO did not properly plead it and because Western Summit assigned its claims to Modern Welding. Concluding that Appellees' motion for summary judgment was "meritorious," the trial court granted it without further explanation.

## STANDING

Appellees have failed to establish their entitlement to summary judgment as a matter of law.[1] In moving for summary judgment on the basis that STICO lacked standing to sue them, Appellees relied exclusively on *Beech Aircraft Corp. v. Jinkins*, 739 S.W.2d 19 (Tex. 1987). In *Jinkins*, the Texas Supreme Court held that a settling defendant who is jointly responsible for personal injuries to a common plaintiff may not preserve contribution rights under either the common law or the comparative negligence statute by attempting to settle the plaintiff's entire claim. *Id*. at 22. But Appellees' reliance on *Jinkins* is misplaced. The issue here is not whether Modern Welding's underlying claims are meritorious, but rather whether Modern Welding, by and through STICO, can pursue those claims in the first place under the doctrine of equitable subrogation. As the Texas Supreme Court recognized in *Frymire Eng'g Co., Inc. ex rel. Liberty Mut. Ins. Co. v. Jomar Int'l, Ltd.,* the *Jinkins* rule has no bearing in determining whether a party has standing under the doctrine of equitable subrogation because the rule "[is] assessed once a

---

[1] We review a trial court's summary judgment *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A party moving for summary judgment on traditional grounds must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). When a defendant moves for summary judgment based on a lack of standing, it must conclusively establish the defense as a matter of law. *Safeway Managing Gen. Agency, Inc. v. Clark & Gamble*, 985 S.W.2d 166, 169-70 (Tex.App.--San Antonio 1998, no pet.).

party has demonstrated the right to bring suit." 259 S.W.3d 140, 147 (Tex. 2008). In other words, Appellees have impermissibly put the cart before the horse.

Appellees argue that for various reasons, the doctrine of equitable subrogation is inapplicable in this case. However, none of the reasons Appellees advance are persuasive.

Both Appellees assert that STICO did not specifically plead equitable subrogation. They are incorrect. Modern Welding, by and through STICO, pled equitable subrogation by alleging in its petition that it was suing "pursuant to its legal and contractual subrogation rights." The terms "legal subrogation" and "equitable subrogation" are one and the same. *Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.*, 236 S.W.3d 765, 774 (Tex. 2007).

Techni-Kote contends that STICO is seeking equitable subrogation of Western Summit's claims against them, but is prohibited from doing so because Western Summit, by assigning its claims to STICO, no longer has standing to pursue any claims against them. Techni-Kote is mistaken. "Subrogation is the substitution of one person in the place of another as to a lawful right or claim." *In re Tex. Prop. & Cas. Ins. Guar. Ass'n*, 989 S.W.2d 880, 884 (Tex.App.--Austin 1999, orig. proceeding). Equitable subrogation "arises in every instance in which one person, not acting voluntarily, has paid a debt for which another was primarily liable and which in equity should have been paid by the latter." *Mid-Continent Ins. Co.*, 236 S.W.3d at 774. Here, STICO was stepping into Modern Welding's shoes—not Western Summit's—in pursuit of Modern Welding's claims—not Western Summit's—against Appellees for involuntary paying a debt on Modern Welding's behalf to Western Summit for which Appellees may be liable because of their alleged negligence. *See Frymire*, 259 S.W.3d at 145-47 (holding that

4

subcontractor and his liability insurer that paid a property owner for damage caused by a defective valve pursuant to a contractual obligation to indemnify general contractor and property owner had an equitable subrogation claim against the valve manufacturer).

Techni-Kote also contends that "[e]ven if STICO could bring an equitable subrogation claim, *Frymire* makes it clear that such a claim would only confer initial standing on STICO, and [they] could still enforce the *Jinkins* rule by voiding Western Summit's assignment of claims to Modern Welding." Techni-Kote, however, has unwittingly undermined its position on appeal by making this argument. As was discussed above, the issue in this case is whether STICO has standing to bring suit—not whether Modern Welding's claims are ultimately invalid under the *Jinkins* rule—and lack of standing was the sole ground urged by Appellees in their summary judgment motion.

Both Appellees further insist that STICO failed to prove the elements of equitable subrogation. Specifically, they argue that because STICO made a voluntary payment to Western Summit, STICO cannot proceed on its equitable-subrogation claim against them.[2] *See Frymire*, 259 S.W.3d at 142 (to prevail on an equitable-subrogation claim, a party "must show it involuntarily paid a debt primarily owed by another in a situation that favors equitable relief."). But Appellees, who bore the burden to establish their entitlement to summary judgment as a matter of law, failed to raise this specific argument as a ground for summary judgment in their summary-judgment motion for or in their reply to STICO's response to their motion. Because

---

[2] Unlike Techni-Kote, Advanced Polymer devoted the majority of its brief to this argument, providing alternative bases for why STICO's payment to Western Summit was voluntary. A payment by an insurer, on behalf of the insured, pursuant to an insurance policy is involuntary and subject to an equitable subrogation claim. *Frymire, 259 S.W.2d at 145.*

5

this ground for summary judgment was not raised in writing to the trial court, it may not serve as a basis to uphold the trial court's judgment. *See* TEX.R.CIV.P. 166a(c)(movant must establish it "is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response."); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)(summary judgment motion "must stand or fall on the grounds expressly presented in the motion.").

In light of the preceding, we conclude that the trial court erred in granting summary judgment in favor of Appellees on the basis that STICO did not have standing. Accordingly, we sustain STICO's first issue. Our resolution of this issue renders it unnecessary to reach STICO's second issue. *See* TEX.R.APP.P. 47.1.

## CONCLUSION

The trial court's summary judgment in favor of Appellees is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

September 11, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, Rivera, and Rodriguez, JJ.

6