77 F.3d 875
 Bankr. L. Rep. P 76,927, 10 Tex.Bankr.Ct.Rep. 199
In the Matter of Ronald WISCHAN, Debtor.
Ronald WISCHAN, Appellant,
v.
David V. ADLER, Appellee.
In the Matter of Philip DE NICOLA, Debtor.
Philip DE NICOLA, Appellant,
v.
David V. ADLER, Appellee.
 Nos. 95-30425, 95-30426.
 United States Court of Appeals,
Fifth Circuit.
 March 19, 1996.
 
 Anne LaCour Neeb, David L. Neeb, Metairie, LA, for appellants in both cases.
 Emile L. Turner, Jr., Turner, Young, Hebbler & Babin, New Orleans, LA, for appellee in both cases.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before JOLLY, JONES and BENAVIDES, Circuit Judge.
 EDITH H. JONES, Circuit Judge:
 
 
 1
 These consolidated appeals present the question whether, upon filing a bankruptcy petition under Chapter 7, the debtor's entire interest in a pre-petition personal injury claim becomes property of the estate under 11 U.S.C. § 541(a)(1). In both cases, the bankruptcy and district courts held that the debtor's entire interest was indeed property of the estate. The debtors contend that some portion of the awards for future pain and suffering involve post-petition events and should not be included as property of the debtors' estates. We agree with the trial court and affirm.
 
 FACTUAL BACKGROUND
 A. Philip De Nicola v. David V. Adler
 
 2
 Since both parties have adopted the bankruptcy court's findings of fact, a brief outline of the dispute will suffice. In June of 1987, Philip De Nicola ("debtor") sustained personal injuries in a traffic accident. The debtor filed a lawsuit in February of 1988 seeking compensation for these injuries.
 
 
 3
 In August of 1990, the debtor filed for relief under Chapter 7 of the Bankruptcy Code. In September of 1993, the bankruptcy court entered an order allowing David Adler, the trustee, ("trustee") to enter into a compromise and settlement yielding $115,000 in a lump sum and permitting payment in full of the personal injury attorney's fees and expenses, including Nicola's medical expenses. Shortly thereafter, the debtor filed an adversary proceeding claiming that the settlement proceeds were not property of the estate and that the bankruptcy court should apportion these proceeds into pre- and post-petition compensation. After a hearing, the bankruptcy court rejected the debtor's argument and concluded that the entire settlement was property of the bankruptcy estate. On appeal, the district court affirmed this decision.
 
 B. Ronald Wischan v. David V. Adler
 
 4
 In February of 1990, Ronald Wischan was injured when a plate glass window shattered, cutting his hand and wrist. A year later, after receiving medical treatment and undergoing surgery for his injuries, the debtor filed a damage lawsuit. Three months after that, Wischan filed for relief under Chapter 7.
 
 
 5
 In May 1993, the debtor was awarded a judgment of $72,713.93, plus interest and court costs, as compensation for his injuries; this total was apportioned among medical expenses, past pain and suffering, and (in one lump sum) disfigurement, future pain and suffering, and disability. In December of 1993, the bankruptcy court ordered the debtor to pay to the trustee the proceeds of his judgment, less expenses, including medical bills, and attorney's fees. The remaining amount was tendered to the trustee. Wischan filed an adversary proceeding seeking recovery of these proceeds, but the complaint was dismissed with prejudice by the bankruptcy court. On appeal, the district court affirmed the decision.
 
 DISCUSSION
 
 6
 We review de novo the bankruptcy and district courts' analysis of the law. Section 541 of the Bankruptcy Code encompasses "all legal and equitable interests of the debtors as of the commencement of the case" as property of the estate. 11 U.S.C. § 541(a)(1). See also, United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05, 103 S.Ct. 2309, 2313-14, 76 L.Ed.2d 515 (1983) (discussing the expansive reach of § 541). Notwithstanding this broadly inclusive definition, the debtor may seek to exempt property from the bankruptcy estate by means of 11 U.S.C. § 522 or some other valid nonbankruptcy law exemption. See Tignor v. Parkinson, 729 F.2d 977, 980 (4th Cir.1984). Although property that ultimately becomes exempt will not be available for distribution to creditors, it is nonetheless property of the bankruptcy estate at the outset of the case. 11 U.S.C. § 522(b).
 
 
 7
 Consequently, these debtors' pre-petition causes of action for personal injuries are property of their estates. See, e.g., Tignor, 729 F.2d at 981 (holding that "[t]he debtor's claims for injuries to the person, whether unliquidated as when the petition was filed, or settled as occurred during the proceeding, are thus property of the bankrupt estate as of the commencement of the case."); Sierra Switchboard Co., v. Westinghouse Electric Corp., 789 F.2d 705, 709 (9th Cir.1986) ("regardless of whether a personal injury claim is transferable or assignable under state law, such claims become part of the bankruptcy estate under § 541."); In re Richards, 57 B.R. 662, 663 (Bankr.D.Nev.1986). The fact that the causes of action may have borne fruit in settlement or judgment after commencement of the bankruptcy case does not transform them into post-petition property of the debtor--excluded from the bankruptcy estate--any more than post-petition payments on a pre-petition note owed to the debtor would be excluded from the estate.
 
 
 8
 Although the proceeds of the pre-petition personal injury causes of action are initially property of the estate, some states and the federal government have created exemptions for them. See 11 U.S.C. § 522(d)(11)(D)[1] (a debtor may exclude an amount "not to exceed $15,000, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss ...") and (E) (exclusion of compensation for lost future earnings). Louisiana, however, opted out of the federal exemptions. 11 U.S.C. § 522(b)(1). Not only that, but Louisiana does not provide an exemption for proceeds from a personal injury claim, for future medical expenses, or for future pain and suffering. See La.R.S. 13:3881(B). Unfortunately, these debtors gain no benefit from statutory exemptions on account of their injuries.
 
 
 9
 Bereft of exemptions, the debtors creatively argue that this court ought to instruct the bankruptcy court to follow a line of Louisiana caselaw whose purpose is to effectuate the operation of the state's community property laws upon divorce. Thus, in West v. Ortego, 325 So.2d 242 (La.1975), the state Supreme Court held that certain damages arising from a pre-divorce cause of action could be apportioned solely to the injured spouse after divorce. West exemplifies the state court's authority to construe its community property regime; it furnishes no support for a state law requirement that would create a rule of bifurcation or exemption in bankruptcy for personal injury claims. Were federal courts to adapt West to these cases, they would be inventing, not following Louisiana law.
 
 
 10
 Even if bifurcation were conceivable, it is hardly practical. We note that appellants make no claim for post-petition loss of earnings or for pre- or post-petition medical expenses. Neither debtor lost post-petition earnings, and all pre- and post-petition medical expenses were, rightly or wrongly, reimbursed as part of the attorneys' fees. Each seeks an allocation of damages to future, i.e. post-petition, pain and suffering. Bankruptcy courts are ill-equipped to divine the factual distinctions these appellants seek.
 
 CONCLUSION
 
 11
 Because there is no support in applicable federal or state law for apportioning the losses from pre-petition personal injury claims into pre- and post-petition amounts, and there is no exemption for Louisiana personal injury claims, the judgments of the lower courts that kept settlement proceeds in the debtors' estates are AFFIRMED.
 
 
 
 [1]
 The very existence of a federal exemption compels the conclusion that the proceeds of a personal injury cause of action are property of the bankruptcy estate