Allan B. MENDELSOHN, as Chapter 7 Trustee of the Bankruptcy Estate of Maurice and Maria G. Ozer, Appellant,

v.

Maurice and Maria OZER, Appellees.

No. CV 97–3989.

United States District Court, E.D. New York.

Oct. 14, 1997.

Zavatsky & Mendelsohn, Allan B. Mendelsohn, of counsel, Syosset, NY, for appellant.

Ochs & Goldeberg, LLP, Martin P. Ochs, Valerie Millman, of counsel, New York City, for appellees.

*Memorandum of Decision and Order*

MISHLER, District Judge.

Allan B. Mendelsohn, as the Chapter 7 Trustee, appeals from an order of the Bankruptcy Court, Dorothy Eisenberg, Bankruptcy Judge, denying his motion to reopen the case pursuant to 11 U.S.C. § 350(b).

The Debtors' Schedules of Assets and Liabilities in the petition for relief under Chapter 7 of the Bankruptcy Code, filed on December 13, 1993, listed "personal injury lawsuit."

In a memorandum of decision dated May 23, 1997, ("Bankruptcy Court's memorandum of decision"), Judge Eisenberg held:

> Based on the facts of the case as initially recited by the Trustee, the Court finds that the Trustee lacks standing to make a motion to reopen the case, and there is insufficient cause to grant the extraordinary relief requested by the Trustee.

*In re Ozer,* 208 B.R. 630, 631 (Bankr. E.D.N.Y.1997).

## BACKGROUND

At a meeting of creditors held on January 27, 1994, and concluded on April 19, 1994, the Debtors were examined, *inter alia,* on the personal injury claim set forth in the Debtors' Schedules of Assets and Liabilities. Judge Eisenberg noted in the Bankruptcy Court's memorandum of decision:

> The Personal Injury Claim arises out of an automobile accident in which Maurice Ozer was seriously injured on December 22, 1990. As a result of the accident, Mr. Ozer had been left with permanent injuries, including nerve damage. The

Debtors are counting on a fresh start that the filing of a petition promises, and are attempting to return to a life of normalcy almost seven years after the catastrophic accident occurred.

*In re Ozer,* 208 B.R. at 631.

Allan B. Mendelsohn ("an experienced practitioner [who] has been a Chapter 7 Trustee for a number of years") was appointed interim trustee on February 2, 1994, and thereafter became the permanent Trustee. *Id.* The Trustee, with the Court's approval by order dated August 18, 1994, retained Frank W. Zito, Esq. to serve as the estate's special State Court litigation counsel to pursue the personal injury claim pursuant to the terms of a retainer agreement entered into between Mr. Zito and the Debtors. *Id.*

The Trustee filed his Report of No Distribution on August 11, 1995. The report states, in pertinent part:

> I have made diligent inquiry into the financial affairs of the debtor(s) and the location of property belonging to the estate; and there is no property available for distribution from the estate over and above that exempted by law.

The Court entered a final decree on September 27, 1995, ordering that:

> Allan B. Mendelsohn (Trustee) is discharged as trustee of the estate of the above-named debtor(s), and the bond is canceled;
>
> The Chapter 7 case of the above-named debtor(s) is closed.

*Id.* at 632.

On October 2, 1995, after the case was closed, the law firm of Giuffre & Kaplan, P.C. mailed a letter to the Trustee seeking substitution for Mr. Zito in the prosecution of the personal injury claim in the State Court. The court issued an order dated October 19, 1995, granting the Trustee's petition approving the substitution of counsel.[1]

*Id.* at 632.

---

1. The memorandum of decision states:
   Such order was entered by the court clerks in error, as the case had already been closed.

The Trustee states that the "no asset" report dated August 11, 1995, was inadvertently filed with the Bankruptcy Court. He further states that he had no knowledge that the case was closed by the Bankruptcy Judge on the issuance of a final decree on September 27, 1995, and he was in communication with special State Court counsel relating to settlement of the claim subsequent to the issuance of the final decree; that in February 1997, he was advised by State Court counsel that an offer of settlement of the personal injury action was made by the defendant in the amount of $210,000.00; it was when he attempted to file a motion in the Bankruptcy·Court, seeking approval of the proposed compromise of the personal injury claim, that he learned for the first time that the case was closed.[2]

■ Debtors move to dismiss the appeal for failure to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within ten days after filing the notice of appeal required pursuant to Bankruptcy Procedure Rule 8006. The Trustee filed the statement on July 18, 1997, approximately 22 days late. The Debtors were not prejudiced late filing. The motion is denied. *Resolution Trust Corp. v. SPR Corp. (In re SPR Corp)*, 45 F.3d 70 (4th Cir.1995). The court will hear the further application for costs and expenses incurred by the Debtors resulting from the late filing, at an appropriate time.

The Debtors state that the proceeds of the settlement have been distributed. They complain of the repeated failure of the Trustee to abide by the time limitations fixed by statute, i.e., Bankruptcy Procedure Rule 8006, and the Bankruptcy Court. They point to the failure of the Trustee to seek an order staying the distribution of the proceeds from the personal injury claim.

## THE ISSUES

The issues presented for review are:

1. Does the Trustee have standing to move to reopen the case pursuant to 11 U.S.C. § 350(b)?

2. Did the Bankruptcy Court err in determining that by filing a Report of No Restitution, the Trustee made a conscious decision to abandon the Debtors' personal injury action?

## DISCUSSION

11 U.S.C. § 350 provides:

(a) After an estate is fully administered and the court has discharged the trustee, the court shall close the case.

(b) A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 554(c) provides:

Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

### Standing

■ We review *de novo* the proper interpretation of a statute. *General Motors Acceptance Corp. v. Valenti (In re Valen-*

---

2. Footnote 1 in the Bankruptcy Court's memorandum of decision states:

At the hearing held on April 10, 1997, and in his Memorandum of Law filed on May 12, 1997, the Trustee alleged that the No–Asset Report was in fact filed in error by his office. The Trustee further alleged that there was never any intention to have the case closed.. The Trustee has provided the Court with no additional evidence to support his new allegation that the closing of the case was inadvertent. Therefore, the Court accepts the facts as originally alleged by the Trustee in his initial motion, and shall not permit the Trustee to change his version of the facts to bolster his legal position.

*Id.* at 632.

*ti),* 105 F.3d 55, 59 (2d Cir.1997), *overruled on other grounds by,* 520 U.S. 953, 117 S.Ct. 1879, 138 L.Ed.2d 148 (1997). Bankruptcy Procedure Rule 5010 provides: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."

■ We hold that the Trustee is a "party in interest" and has standing to move to reopen the case under § 350(b). *White v. Boston,* 104 B.R. 951, 954 (S.D.Ind.1989); *In re Stanke,* 41 B.R. 379, 380 (Bankr. W.D.Mo.1984); *contra In re Ayoub,* 72 B.R. 808, 812 (Bankr.M.D.Fla.1987).

### *Conscious Abandment*

#### *Standard of Review*

■ Factual findings of the Bankruptcy Court will not be set aside unless clearly erroneous. *Lebovits v. Scheffel, (In re Lehal Realty Associates ),* 101 F.3d 272, 276 (2d Cir.1996); *Nordberg v. Arab Banking Corp. (In re Chase & Sanborn Corp.),* 904 F.2d 588, 593 (11th Cir.1990).

■ Equitable determinations are subject to review under an abuse of discretion standard. *See Maryland Hotel Supply Co. v. Seats (Matter of Seats),* 537 F.2d 1176, 1178 (4th Cir.1976).

#### *The Basis of the Bankruptcy Court's Decision*

The sole basis for finding a conscious abandonment of the Debtors' personal injury claim was the Trustee's filing of the Report of No Distribution.

■ The motion to reopen the case is within the sound discretion of the Bankruptcy Court. *Matter of Seats,* 537 F.2d at 1177–78; *In re Stanke,* 41 B.R. at 380. Broad discretion to reopen a case under § 350(b) is granted the Bankruptcy Judge to allow the judge to weigh the equitable factors in each case. *Matter of Shondel,* 950 F.2d 1301, 1304 (7th Cir.1991).[3]

We review the Bankruptcy Court's factual determination and the denial of the motion to reopen the case under the appropriate standards of review.

■ In order to determine whether the Trustee's filing of a Report of No Distribution is sufficient for a finding of conscious abandonment, we turn to the fiduciary obligations of a Chapter 7 Trustee to both the debtors and creditors.

11 U.S.C. § 704 provides:

The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest:

. . .

(4) investigate the financial affairs of the debtor;

. . .

The filing of a Report of No Distribution is insufficient proof of a conscious abandonment of an asset. *In re Schmid,* 54 B.R. 78, 79 (Bankr.D.Or.1985). (Reopening proper where filing of a no asset report was inadvertent due to the debtor's ambiguous description in the schedule of assets); *Rameker v. Berning Garage, Inc. (Matter of Alt),* 39 B.R. 902, 904 (Bankr.W.D.Wis. 1984) (citing *In re Lintz West Side Lumber, Inc.,* 655 F.2d 786 (7th Cir.1981) (two factors are controlling in determining the reopening of a case: "The abandonment must have been an inadvertent error and the parties must not have been unduly prejudiced."), *In re Stanke,* 41 B.R. at 381 (the Trustee should not be barred from performing his duty "because the estate was closed under the mistaken assumption that it had been fully administered"); *Gross v. Petty (In re Petty),* 93 B.R. 208, 212 (9th Cir. BAP 1988) ("[A]trustee should not be barred from bringing an avoidance action because the estate was

---

3. Footnote 3 states: "While some lower courts have held that bankruptcy cases cannot be reopened to relieve parties of their own mistake or ignorance (citations omitted), others have found certain cases of *excusable neglect'* " to warrant reopening (citation omitted).

closed under the mistaken assumption that it had been fully administered.").

### CONCLUSION

■ The finding of a conscious abandonment of the Debtors' personal injury claim was clearly erroneous. The denial of the motion to reopen the case pursuant to 11 U.S.C. § 350(b) was an abuse of discretion.

### ORDER

The Bankruptcy Court Order issued June 6, 1997 is reversed.

The case is remanded to the Bankruptcy Court for a hearing in accordance with this memorandum of decision. The hearing shall include all matters pertaining to the distribution of the proceeds of the settlement of the personal injury action. (11 U.S.C. § 522 N.Y. [Debtor & Creditor Law] 282 (McKinney 1997)). The hearing may also include claims of the Debtors arising from the failure of the Trustee to seek an order staying the distribution of the proceeds from the settlement of the personal injury claim.

SO ORDERED.