**In re Andy THOMAS, Debtor.**

**Bankruptcy No. 199–15020–352.**

United States Bankruptcy Court, E.D. New York.

July 28, 1999.

Robert L. Geltzer, New York City, Chapter 7 Trustee.

Jeffrey B. Peltz, PC, Brooklyn, NY, for Debtor.

### Memorandum Decision on Trustee's Application for the Court to "So Order" a Stipulation

MARVIN A. HOLLAND, Bankruptcy Judge.

The Case Trustee, ex parte, submits a stipulation (the full text of which is reproduced in the appendix) to be "so ordered" in an attempt to resolve a chapter 7 trustee's persistent dilemma: how to handle a debtor's personal injury cause of action which does not appear to have a value substantially in excess of the exemption which the debtor has claimed. At the present time there does not appear to be any great likelihood that there will be an ultimate recovery sufficient to permit a dividend to creditors, but if the trustee keeps the bankruptcy case open until the cause of action goes to trial, it may be many years before the matter is resolved. Meanwhile the trustee will have incurred the scrutiny not only of the office of the United States Trustee as the agency

charged with supervision of the case trustee and which controls the trustee's future appointments, but also that of the Clerk's Office of this court upon which will be imposed the burden of continually monitoring and reporting the activity of a dormant case.

On the other hand, if a trustee abandons the cause of action consistent with his obligation to liquidate and administer the estate as expeditiously as possible,[1] there is the unlikely possibility that the personal injury cause of action may produce a substantial recovery, in which case not only will the trustee have lost commissions on the dividends which would have been paid to creditors, but the trustee then faces the possibility of a malpractice action by unhappy creditors if and when they discover that what could have been their recovery has been discarded by a fiduciary obligated to act on their behalf.

What to do?

The diligent and innovative Trustee in this case seeks court approval of a stipulation which he has entered into with the debtor which contemplates that the Trustee will file a No Asset Report and have the case closed, but that notwithstanding, the personal injuries action will remain property of the estate and will not be abandoned to the debtor. Further, under the terms of the stipulation, the Trustee reserves the right to reopen the case, to object to the debtor's exemptions and to seek revocation of the debtor's discharge

at any time, while the debtor waives any right to object to any such efforts by the Trustee, or to question the timeliness of the Trustees actions. As to the resolution of the personal injury claim, the stipulation reserves to the Trustee the exclusive power to settle the claim upon receiving the notice required to be provided by the debtor of any proposed resolution of the claim or judgment that "would yield any significant amount for the benefit of creditors."

█ Sensitive to the trustee's dilemma, and notwithstanding my desire to be of service to the Trustee, the U.S. Trustee, and the already overworked and under appreciated clerical staff of this court, I am unable to "so order" the stipulation for the following reasons:

█ 1. *Party–in–Interest* As King Canute demonstrated when he directed the tide not to rise, my ordering not to happen that which a higher authority has pre-ordained will serve only to demonstrate the impotence of my order; it will not effect the desired result. While a court pursuant to 11 U.S.C. § 349(b)(3)[2] may direct that properly scheduled property of the estate not revest in the debtor upon a dismissal (and assuming, without so holding, that the statute authorizes such an order to be effective with regard only to a single specific asset rather than "property of the estate" as a whole), the retention of the personal injuries cause of action by a closed estate which retains the right to object to the debtor's claimed exemption

---

1. 11 U.S.C. § 704(1); *see also The City of New York v. Quanta Resources Corp. (In re Quanta Resources Corp.)*, 739 F.2d 912, 918 (3rd Cir. 1984) (*quoting* "4A Collier on Bankruptcy ¶ 70.42, at 502 (14th ed. 1976)")("The paramount purpose of bankruptcy liquidation and administration is the reduction of a bankrupt's property to money as expeditiously as practicable, so as to secure funds for distribution to general creditors. Hence the trustee in examining the various assets with regard to their potential value when converted into money for distribution to creditors is from the outset faced with the managerial duty to concentrate on property of possible benefit to the estate and to eliminate property that will be either valueless or unprofitable in its adminis-

tration ... The trustee ... may abandon any property which is either worthless, or overburdened, or for any other reason certain not to yield any benefit to the general estate.")

2. 11 U.S.C. § 349 reads in pertinent part:

. . .

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title -

. . . .

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

renders the injured debtor a non party-in-interest incapable of prosecuting the personal injury claim.[3]

Moreover, by becoming a party to an agreement which contemplates prosecution of this cause of action in the name of a debtor who may no longer have any interest in it, signatories to the stipulation participate in a concealment that may constitute a fraud on the insurer. Sophisticated defense counsel are well aware that a cause of action owned by a trustee is likely to bring a smaller jury verdict than that same cause of action pursued by the injured entity. The insurer is entitled to knowledge of these facts in evaluating and negotiating a prudent settlement and opposing counsel are entitled to the facts from which an absolute defense can be interposed.

While the trustee and the debtor may be willing enter into this type of arrangement without notice to the insurer, the court in which the action may be pending, and the named defendants, I am not willing to consider the trustee's application unless a full disclosure and an opportunity to be heard has been provided to all such entities.

■ 2. *Trustee's Standing* Furthermore, were the stipulation to be approved, who would receive the notice required to be given by the debtor in paragraph 4 of the stipulation?[4] While a debtor may still be a debtor after a case has been closed[5], the Trustee then will have become a former trustee. As such, he or she can not again become the trustee until some time after a reopening in view of Fed. R.Bankr.P. 5010 which calls for judicial determination as to the need for a trustee in the reopened case.[6] Since such a determination can not be made until the court is asked to reopen, how can a former trustee seek reopening of a closed case? Even were notice called for in the Stipulation to be given to the then discharged former trustee, the then former Trustee would no longer have any greater interest, right, duty or authority to act with regard to the estate than any other non-party. In short, there would be no estate representative in existence with authority to receive the notice required by the stipulation, much less with authority to act upon it.[7] We are

**3.** See, for example, F.R.C.P. 17(a) which provides that all actions shall be prosecuted in the name of the real party in interest, and similar state law provisions. Pursuant to 11 U.S.C. § 541, the filing of this case vested in the estate all of the debtor's legal or equitable interests in property. This included debtor's personal injury cause of action. *See* 11 U.S.C. § 541; *Wischan v. Adler (In the Matter of Wischan),* 77 F.3d 875, 877 (5th Cir.1996)(debtors' prepetition personal injury lawsuits were part of bankruptcy estate); *In re Corbi,* 149 B.R. 325, 329 (Bankr.E.D.N.Y.1993)(personal injury action property of the estate). *Dynamics Corporation of America v. Marine Midland Bank–New York,* 69 N.Y.2d 191, 505 N.E.2d 601, 513 N.Y.S.2d 91 (1987). So long as the cause of action remains property of the estate, the named plaintiff has no standing to pursue it.

**4.** The referenced paragraph reads: "The Debtor(s) shall promptly advise *the Trustee* in writing of any judgment, award of proposed settlement of the Personal Injury Claim and/or the Action, but in no event later than five (5) days after such judgment, award or settlement offer is entered or made." (Emphasis supplied.)

**5.** Under 11 U.S.C. § 101(13) " 'debtor' means person or municipality concerning which a case under this title has been commenced:"

**6.** Fed.R.Bankr.P. 5010 states: "A case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code. In a chapter 7, 12, or 13 case a trustee shall not be appointed by the United States trustee unless the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case."

**7.** While we are aware of cases which have been reopened by a former trustee, See *In re Linton,* 136 F.3d 544, 546 (7th Cir.1998) (compares *In re Winebrenner,* 170 B.R. 878, 881 (Bankr.E.D.Va.1994) and *White v. Boston,* 104 B.R. 951, 953–55 (S.D.Ind.1989) with *In re Ayoub,* 72 B.R. 808 (Bankr.M.D.Fla.1987)), in none of these cases is there any indication that a party in interest has questioned nor has the court considered any part of the foregoing

thus left with a situation in which neither the named plaintiff—former debtor, nor the former trustee would have authority to pursue the cause of action or to collect upon it.

On the other hand, if the application for approval of the Stipulation were to be made on notice to all members of the creditor body and to the United States Trustee, and if notice of the verdict or settlement were required to be given to The United States Trustee and to all members of the creditor body, all entities with standing to seek a reopening[8] would at least be in a position to consider such action as they might deem necessary to protect their own best interests.

Such a safeguard is also needed due to the dilemma created by the discharge of the trustee. The trustee must furnish a bond in order to serve in a case[9] However, upon the closing of the case, the trustee is discharged there is no longer any bond protecting the estate.[10] In practice, a chapter 7 trustee is covered by a type of blanket bond mistakenly believed to comply with subdivision (a) of Fed.R.Bankr.P. 2010 which reads:

(a) Blanket bond The United States trustee may authorize a blanket bond in favor of the United States conditioned on the faithful performance of official duties by the trustee or trustees to cover (1) a person who qualifies as trustee in a number of cases, and (2) a number of trustees each of whom qualifies in a different case.

However, the bond under which The Trustee herein and all panel trustees in this and most other districts are covered is a single bond covering multiple trustees while serving in multiple cases:—a "blanket blanket" bond, clearly beyond the scope of Rule 2010. The consequences of such misperception is beyond the purpose of this decision.

3. *Extension of Time to Object to Debtor's Exemptions and to Revoke the Debtor's Exemptions* The stipulation also seeks to extend the trustee's time to revoke the debtor's discharge to an undetermined period of time, which may be well beyond the maximum allowed by 11 U.S.C. § 727(e) and Fed.R.Bankr.P. 4004(b), and to object to the Debtor's exemptions beyond the time set therefore by Fed.R.Bankr.P. 4003(b).[11] The highly doubtful authority of

analysis. We have not indulged in an exhaustive search for such a reported decision, but leave that task to the trustee or to any other entity that may seek to renew the trustee's present application.

8. 11 U.S.C. § 307 states: "The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title."

9. U.S. Department of Justice, Executive Office for United States Trustees, Handbook for Chapter 7 Trustees, effective 10/1/1998, at Chapter 5.E (The Handbook). The Handbook also states: "To qualify [as a trustee], the trustee must file with the court a bond in favor of the United States." § 322.

10. Whether the trustee, or indeed any member of the United States Trustee's panel of chapter 7 trustees appointed pursuant to 37 U.S.C. § 586(A)(1) is now bonded is problematical. It is the practice in this district for panel trustees to be covered by the blanket blanket bond described below. The form of

order closing case imposed upon this court by The Administrative Office of United States Courts, form number B271–Rev 6/91 states: "Trustee is discharged as trustee of the estate of the above-named debtor(s) and the bond is *cancelled.*" (Emphasis supplied.) Therefore as of the date of the first order closing a chapter 7 case in which any trustee covered by the "blanket blanket" had served, such bond no longer existed, trustees that had been covered by such bond are bonded, and have not qualified under 11 U.S.C. (a) in any cases in which they may thereafter have been appointed.

11. Fed.R.Bankr.P. 4003(b) reads: "Objections to claim of exemptions The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules *unless, within such period,* further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and

this court to grant such drastic relief, or the effect of an order purporting to have such effect, particularly in the absence of a showing of overwhelmingly egregious behavior on the part of the debtor, has not been addressed by the trustee.

■ 4. *Abandoned Property* Finally, the scheme envisioned by the stipulation is tantamount to an attempt by the Trustee to abandon property of the estate while retaining some control over it. The is not a result authorized by The Code, short of the Trustee demonstrating appropriate cause to this Court. (11 U.S.C. § 349(b)(3).)

The Trustee's application for this court's imprimatur is therefore denied with leave to renew on notice to all parties in interest (including the personal injury defendant, its attorneys, if any, and insurer, if known) containing a detailed plain language explanation of the purpose, effect, and consequence of the stipulation, and providing for an opportunity to request a hearing. The trustee may also want to consider applying for approval of a new stipulation envisioning a reopening by The United States Trustee pursuant to § 307. Any such application shall be accompanied by an appropriate memorandum of law and shall be filed and served within 20 days.

### APPENDIX

(Trustee's stipulation)

STIPULATION AND ORDER CONCERNING DEBTOR'S CONSENT TO RE–OPENING OF CASE, IF NECESSARY

WHEREAS, on 4/16/99 ("Filing Date"), A. THOMAS ("Debtor(s)") filed a voluntary petition ("Petition") for relief under Chapter 7 of Title 11, United States Code

("Bankruptcy Code"), in this Court ("Bankruptcy Court"); and

WHEREAS, pursuant to a Notice of Appointment dated 4/20/99 Robert L. Geltzer was appointed Chapter 7 Interim Trustee of the Debtor; following which he duly qualified, and he is acting as Trustee herein ("Trustee"); and

WHEREAS, the above-captioned Debtor(s), personally or through counsel, at a meeting conducted pursuant to § 341 of the United States Bankruptcy Code, and/or on the Debtor's(') petition and schedules, and/or otherwise, disclosed to the Trustee the existence of a personal injury action which accrued pre-petition; and

WHEREAS, the Trustee has investigated such action through the personal injury counsel retained by the Debtor(s) pre-petition and/or otherwise; and

WHEREAS, the Debtor(s), Debtor's(') bankruptcy counsel, and/or Debtor's(') personal injury counsel has represented in writing and/or on the record of the 341 meeting that that personal injury action would net little, if any, funds sufficient for distribution to creditors after deducting from any such recovery the Debtor's(') claimed, or to be claimed, exemption of $7,500.00, and deducting personal injury counsel's fees; and

WHEREAS, said personal injury action would be the only asset of the estate; and

WHEREAS, the personal injury action and any judgment, recovery or other proceeds resulting therefrom ("Proceeds") constitute property of the Debtor's(') estate pursuant to § 541 of the Bankruptcy Code which may be administered only by the Trustee; and

WHEREAS, the ability to settle compromise or discontinue the Debtor's(') claims in the Action ("Powers") is a property right belonging to the Debtor's(') estate

the attorney for such person." (Emphasis supplied.) Fed.R.Bankr.P. 4004(b) reads: "Extension of time On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired."

pursuant to § 541 of the Bankruptcy Code, and the Powers may be exercised only by the Trustee, or by the Debtor(s) with the Trustee's prior written consent; and

WHEREAS, consistent with his duties pursuant to § 704(*l*) of the Bankruptcy Code, the Trustee desires to close expeditiously this estate by filing a No Asset Report for this estate, but wishes expressly to preserve, among other things, his rights on behalf of this estate and its creditors to recover the Proceeds, if any, that exceed the amount of the Exemption;

NOW, THEREFORE: the Trustee and the Debtor(s) either personally or through counsel stipulate, consent and agree that:

1. The Trustee will close the case and file a No Asset Report therein; and

2. The personal injury action, the Proceeds, and the Powers constitute property of this bankruptcy estate pursuant to § 541 of the Bankruptcy Code.

3. Neither the filing of the Trustee's No Asset Report nor the entry of any Final Decree or Order closing this Chapter 7 case shall constitute or operate as (I) an abandonment of the personal injury action, the Powers or the Proceeds pursuant to § 554(c) of the Bankruptcy Code; or (ii) a waiver of the Trustee's right to object to the Exemption. All of the Trustee's rights, powers and interests in and to the personal injury action, the Powers, and the Proceeds, and his right to object to the Exemption, are expressly preserved for the benefit of this estate and shall continue until a further Order of the Bankruptcy Court.

4. The Debtor(s) shall promptly advise the Trustee in writing of any judgment, award of proposed settlement of the Personal Injury Claim and/or the Action, but in no event later than five (5) days after such judgment, award or settlement offer is entered or made.

5. The Debtor(s) may not (I) exercise the Powers; (ii) seek to settle or compromise the personal injury action or claim; or (iii) receive any of the Proceeds without the prior written consent of the Trustee, and the Debtor(s) shall immediately turnover to the Trustee any and all Proceeds regarding the personal injury claim and/or the action, unless excused from doing so by a further Order of the Bankruptcy Code.

6. In the event that the personal injury action ultimately results in a recovery that would yield any significant amount for the benefit of creditors, contrary to the above good faith representations of Debtor(s), and or Debtor's(') attorney, the Debtor's('), individually and/or through counsel, hereby stipulate, agree and consent that the Trustee has standing to seek to reopen the case for all purposes pursuant to § 350 of the United States Bankruptcy Code, and any and all applicable Federal Rules of Bankruptcy Procedure, Local Rules of this Court, and Chamber rules, and further agree and consent to such reopening.

7. The Debtor(s) hereby understands and agrees that he/she is precluded, and hereby waives, any right to oppose an application by the Trustee for an order reopening this case to administer the personal injury claim, object to the Exemption, or to revoke the Debtor's(') discharge based upon the grounds that such request is not timely pursuant to, inter alia, § 727(e) of the Bankruptcy Code or Rule 4003 of the Federal Rules of Bankruptcy Procedure, and any subsequent objection to the Exemption and/or Complaint filed by the Trustee to revoke the Debtor's(') discharge shall be deemed to have been timely filed.

8. This Stipulation constitutes the entire agreement between the parties hereto and shall be governed and enforced by the Bankruptcy Court in accordance with the laws of the State of New York.

9. Neither this Stipulation nor any of the terms may be modified, altered, amended, or waived, except in a writing signed by the party against whom such modification, alteration, amendment or waiver is to be enforced.

10. This Stipulation shall be binding upon and inure to the assigns, representatives, heirs and successors to the parties hereto.

11. This Stipulation may be signed in facsimile counterparts, all of which when taken together will constitute one original document.