In re James P. SWEENEY, Debtor.

Robert L. Williams, Movant/Applicant.

No. 00–21258–MBM.

United States Bankruptcy Court, W.D. Pennsylvania.

Feb. 21, 2002.

James M. Brogan, John J. Jacko, III, Buchanan Ingersoll Professional Corp., Philadelphia, PA, for creditors.

William Weiler, Jr., Cranberry Township, PA, for debtor.

### MEMORANDUM AND ORDER OF COURT

BERNARD MARKOVITZ, Bankruptcy Judge.

AND NOW, this **21st day** of **February, 2002,** upon consideration of

(a) the motion to reopen the above-captioned bankruptcy case (Motion No. 02–0112–M) by Robert L. Williams, Chapter 7 Trustee in said case prior to its closing on March 7, 2001 (hereafter "the Trustee"), wherein the Trustee seeks to reopen the instant case so that an application may be entertained by the Court for the Trustee's employment of special counsel in a state court action, which action remains property of the instant debtor's bankruptcy estate since it was expressly not abandoned by the Trustee at the closing of the case (hereafter "the State Court Action"), *see* Order of Court, dat. Feb. 27, 2001 (the State Court Action, "being of the within bankruptcy estate, shall not be abandoned upon the closing of the within proceeding"); 11 U.S.C.A. § 554(c) & (d) (West 1993) (if the court so orders, property not administered at the time of case closing is not abandoned to the debtor but instead remains property of the estate),

(b) the Trustee's application to employ the law firm of Tarasi, Tarasi & Fishman, P.C. to prosecute the State Court Action on behalf of the Trustee and the instant debtor's bankruptcy estate (Motion No. 02–0113–M), and

(c) the responses in opposition or, more concisely, the objections to the Trustee's motion to reopen and application to employ, which objections

were filed by the defendants in the State Court Action, namely Michelin North America, Inc., D.L. Peterson Trust, PHH Vehicle Management Services, Inc., PHH Vehicle Management Services, PHH Vehicle Management Services, LLC and PHH Arval (hereafter "the State Court Action Defendants");

and subsequent to notice and a hearing on the two matters held on February 5, 2002,

and in light of the Trustee's oral representation to the Court during the hearing on February 5, 2002, to the effect that the Trustee informed the U.S. Trustee's Office of, and the U.S. Trustee's Office consents to the relief sought by the Trustee in, the Trustee's motion to reopen and application to employ,

it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

(a) each of the objections of the State Court Action Defendants to the Trustee's motion to reopen and application to employ are **DENIED WITH PREJUDICE** on the basis that the State Court Action Defendants **LACK STANDING** to so object,

(b) the Trustee's motion to reopen the above-captioned bankruptcy case is **GRANTED** pursuant to 11 U.S.C. § 350(b) so that the Court may entertain the Trustee's application to employ, and

(c) the Trustee is **AUTHORIZED** to employ the law firm of Tarasi, Tarasi & Fishman, P.C. to prosecute the State Court Action on behalf of the Trustee and the instant debtor's bankruptcy estate, such employment authorization dating from the time of the filing of the Trustee's application to employ.

The Court rules as it does for the reasons set forth in detail below.

## I.

As an initial matter, the Court denies with prejudice the State Court Action Defendants' objections to the Trustee's motion to reopen and application to employ because the State Court Action Defendants lack standing to so object.

■ The State Court Action Defendants assert in their opposition papers to the Trustee's motion to reopen and application to employ that each of them is a party-in-interest with respect to the above-captioned bankruptcy case. However, and unfortunately for the State Court Action Defendants, that they are named as parties in the State Court Action does not thereby also make them parties-in-interest with respect to the instant bankruptcy case. Because said entities lack any other relation to the instant bankruptcy case, they thus are not parties-in-interest with respect to the same, which means that they lack standing to participate in matters that deal solely with the administration of such case such as, *inter alia*, the Trustee's motion to reopen and application to employ.

Furthermore, and more particularly, persuasive case authority exists for the proposition that defendants in state court litigation constituting an asset of a bankruptcy estate lack standing, in particular, to object to a motion to reopen a bankruptcy case. *See In re Ayoub*, 72 B.R. 808, 812 (Bankr.M.D.Fla.1987); *cf. In re Alpex Computer Corp.*, 71 F.3d 353, 356–358 (10th Cir.1995) (state court action defendant lacks standing to reopen a bankruptcy case under § 350(b)). Therefore, the State Court Action Defendants would lack standing to object to the Trustee's motion to reopen the instant bankruptcy case even if such entities could be properly classified as parties-in-interest with respect to said case.

Because the State Court Action Defendants lack standing to object to the Trustee's motion to reopen and application to employ, and since no other objections to said matters have been levied with the Court, the Trustee is essentially unopposed in his pursuit of the relief which he seeks within such motion to reopen and application to employ. Nevertheless, and despite the fact as well that the State Court Action Defendants presumably lack standing to appeal the Court's decision regarding the Trustee's motion to reopen and application to employ, the Court, since it must affirmatively pass upon the merits of both of the aforesaid matters before the Trustee can receive the relief which he seeks therein, will proceed to provide the rationale for its granting of such relief in the ensuing portions of the instant Memorandum and Order of Court; in the course of providing such rationale, the Court will necessarily address the substance of the State Court Action Defendants' objections to the granting of such relief notwithstanding such defendants' lack of standing to press such objections.

## II.

■ The Court grants the Trustee's motion to reopen the above-captioned bankruptcy case pursuant to 11 U.S.C. § 350(b), which statutory provision provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.A. § 350(b) (West 1993). The State Court Action Defendants contend—although, as stated above, such defendants lack standing to so object—that the Trustee's motion to reopen should be denied, *inter alia*, because (a) a granting of such reopening, pursuant to this Court's order of February

27, 2001, is predicated solely upon a conclusion having been reached in the State Court Action, coupled with a recovery therein that would "provide funds for distribution to creditors in excess of the Debtor's available exemptions," *see* Order of Court, dat. Feb. 27, 2001, and (b) the State Court Action has either not yet been concluded or has been concluded but without any recovery that could be distributed to creditors in the case. Unfortunately for the State Court Action Defendants, satisfaction of the aforesaid predicate contained within the Court's February 27, 2001 Order and a consequent case reopening pursuant to such order does not constitute, and the Court did not hold in such order that the same constituted, the sole method by which the instant bankruptcy case may be reopened. Instead, the instant bankruptcy case can be reopened, and notwithstanding a failure by the Trustee to satisfy the predicate contained in the Court's February 27, 2001 Order, if such reopening is proper under § 350(b); indeed, if such reopening is proper under § 350(b), then it matters not whether the Trustee, prior to the closing of the case, reserved the right to reopen in the Court's February 27, 2001 Order.

■ Reopening of the instant bankruptcy case is proper under § 350(b) because (a) the State Court Action, as mentioned earlier, remains property of the instant debtor's bankruptcy estate given that it was expressly not abandoned by the Trustee at the closing of the case, (b) the Trustee seeks a reopening of the case so that the Court may entertain the Trustee's application to employ, which application must be considered in order for the State Court Action to ultimately proceed to its conclusion, and (c) the bringing by the Trustee of the application to employ thus constitutes administration of an unabandoned asset, which administration constitutes "other cause," if not an explicit ground (i.e., "to administer assets"), for reopening of the

case under § 350(b). *See, e.g., In re Winebrenner,* 170 B.R. 878, 882 (Bankr.E.D.Va. 1994) ("The possibility that the trustee could realize assets for the estate by pursuing ... unabandoned causes of action provides cause to reopen the bankruptcy case"). The State Court Action Defendants argue that the instant bankruptcy case should not be reopened under § 350(b) because (a) case precedent exists to the effect that a case should not be reopened under § 350(b) by a bankruptcy trustee to administer an asset the existence of which said trustee was aware of at the time said case was closed, *see In re Ozer,* 208 B.R. 630, 633 (Bankr.E.D.N.Y. 1997), *rev'd on other grounds,* 241 B.R. 503, 507 (E.D.N.Y.1997), and (b) the Trustee was aware of the State Court Action when the instant case was closed. However, and unfortunately for the State Court Action Defendants, the bankruptcy court in *Ozer* also implied that the case reopening therein was ultimately denied because the trustee therein had, upon closing of said case, abandoned the asset which said trustee sought to administer upon the reopening of said case. *See Id.* Of course, *Ozer* and other cases that hold in a similar fashion are easily distinguishable from the instant case because, unlike in *Ozer,* the asset which the Trustee seeks to administer upon the reopening of the instant case (i.e., the State Court Action) has not been abandoned; because of the retention of the State Court Action for the instant debtor's bankruptcy estate, the Trustee can reopen the instant case under § 350(b) to administer the asset which is the State Court Action.

■ The State Court Action Defendants also maintain, and supply the Court with case precedent to support the proposition, that a discharged bankruptcy trustee, such as is the Trustee, lacks standing to move to reopen a bankruptcy case under § 350(b). *See Ayoub,* 72 B.R. at 812; *In re DeLash,* 260 B.R. 4, 6–8 (Bankr.

E.D.Cal.2000); *In re Thomas*, 236 B.R. 573, 576–577 (Bankr.E.D.N.Y.1999). However, and as the State Court Action Defendants are undoubtedly aware, case precedent in an amount more than equal to that which is cited by the State Court Action Defendants exists for the diametrically opposite proposition, to wit that a discharged bankruptcy trustee possesses standing to move to reopen a bankruptcy case under § 350(b) to, *inter alia*, administer assets of a bankruptcy estate. *See White v. Boston*, 104 B.R. 951, 954–955 (S.D.Ind.1989); *In re Stanke*, 41 B.R. 379, 380–381 (Bankr. W.D.Mo.1984); *In re Stewart*, 154 B.R. 711, 711 (Bankr.N.D.Ill.1993); *Winebrenner*, 170 B.R. at 881; *Mendelsohn v. Ozer*, 241 B.R. 503, 506 (E.D.N.Y.1997), *rev'g* 208 B.R. 630, 633 (Bankr.E.D.N.Y.1997); *In re Linton*, 136 F.3d 544, 546 (7th Cir.1998); *In re Avis*, 1996 WL 910911 at *2 n. 1 (Bankr.E.D.Va.1996). This Court finds the decisions in *White, Stanke*, et al., to be more persuasive than those in *Ayoub, DeLash*, and *Thomas* and thus holds, as do the Courts in *White, Stanke*, et al., that a discharged bankruptcy trustee possesses standing to move to reopen a bankruptcy case under § 350(b). The Court decides as it does in large part because the Court questions the predicate upon which the holdings in *Ayoub, DeLash*, and *Thomas* appear to be primarily based, which is that a former bankruptcy trustee lacks authority to act at anytime with respect to a bankruptcy case subsequent to its initial closing and prior to said trustee's subsequent reappointment by the U.S. Trustee's Office. Were the preceding predicate always correct, then, for instance, a bankruptcy trustee could not request, pursuant to 11 U.S.C. § 727(d)(2) or (3), the revocation of a Chapter 7 discharge after the closure of a case but within one year of the granting of such discharge, which result clearly is contrary to that which is contemplated under the Bankruptcy Code. *See* 11 U.S.C.A. § 727(e)(2) (West 1993) ("The trustee ... may request a revocation of a discharge ... under subsection (d)(2) or (d)(3) of this section before the later of (A) one year after the granting of such discharge; and (B) the date the case is closed"). The Court also finds, in particular, that the concern of the *DeLash* court upon which that Court predicated its decision that the former trustee therein lacked standing to move for a case reopening under § 350(b)—namely, that such a reopening would effectively constitute an encroachment upon the U.S. Trustee's appointment powers as contemplated by Bankruptcy Rule 5010—is not present as respects the Trustee and the motion for a reopening of the instant bankruptcy case given that, and as mentioned earlier herein, the Trustee informed the U.S. Trustee's Office of, and the U.S. Trustee's Office consents to the relief sought by the Trustee in, the Trustee's motion to reopen. Because the U.S. Trustee's Office consents to the Trustee effecting a reopening of the instant bankruptcy case, the Court sees no reason whatsoever to hold that such a reopening would constitute some sort of a usurpation of the U.S. Trustee's appointment powers as contemplated by Bankruptcy Rule 5010, which usurpation would dictate a denial of such case reopening. Therefore, and for all of the reasons set forth in the instant paragraph, t@he Court holds that the Trustee possesses standing to move to reopen the instant bankruptcy case under § 350(b),[1] which holding, of

---

**1.** If a reviewing court were to ultimately determine on appeal that the Trustee lacks standing to move under § 350(b) and/or that the instant case reopening effected by the Trustee coupled with his continued administration of the State Court Action constitutes an encroachment upon the U.S. Trustee's appointment powers, then this Court would (a) *sua sponte* reopen the instant case under § 350(b), which power is vested in the Court, *see Donaldson v. Bernstein*, 104 F.3d 547, 552

course, means that the Court will not deny the Trustee's motion to reopen for lack of standing to so move.

 Finally, the State Court Action Defendants (a) point out that a judgment was entered against the instant debtor in state court on March 13, 2001, for failure to prosecute the State Court Action, (b) maintain that the Trustee lacks standing to attempt to resurrect the State Court Action in state court in the manner undertaken by the Trustee, namely the filing of a second complaint which names the Trustee as the formal party plaintiff, which contention is based in part upon the premise that the Trustee needed to, but did not, reopen the instant bankruptcy case to gain authority from this Court to take such action, and (c) assert that the Trustee's lack of standing to attempt to resurrect the State Court Action as just described compels a finding by this Court that the asset which is the State Court Action no longer exists to be administered, thus dictating a finding in turn by this Court that the instant bankruptcy case should not be reopened at this time. Unfortunately for the State Court Defendants, because the Trustee took care in this Court's February 27, 2001 Order to retain the State Court Action as property of the instant debtor's bankruptcy estate, the Trustee also retained authority to take whatever future administrative action is necessary in state court to proceed with such litigation, much of which action need not receive prior approval by this Court before it can be taken; an attempt to resurrect the State Court Action in state court, as it turns out, is an action the Trustee remains empowered to take, and thus has standing to pursue, without any need for reopening of the instant bankruptcy case and approval of this Court. Consequently, the Trustee

had standing to file a second complaint in state court regarding the State Court Action which names the Trustee as the formal party plaintiff thereto. Having said the preceding, the Court notes that it lacks subject matter jurisdiction to rule, and thus will not speculate, upon whether the manner in which the Trustee has attempted to resurrect the State Court Action in state court is proper and allowable, such issue being solely within the domain of the state court in which the State Court Action is presently pending. However, because the Trustee possessed standing to make the aforesaid attempt at resurrection, and since the pertinent state court has not yet ruled on the propriety of such attempt, this Court cannot conclude that the asset which is the State Court Action no longer exists to be administered. Because the Court must conclude that an asset remains to be administered in the form of the State Court Action, and since the administrative act of engaging special counsel to prosecute the State Court Action requires bankruptcy court approval under 11 U.S.C. § 327, the Court will grant the Trustee's motion to reopen the instant bankruptcy case under § 350(b).

### III.

 The instant bankruptcy case having been reopened pursuant to § 350(b), the Court proceeds to entertain the Trustee's application to employ the law firm of Tarasi, Tarasi & Fishman, P.C. (hereafter "Tarasi") to prosecute the State Court Action on behalf of the Trustee and the instant debtor's bankruptcy estate.

The Trustee represents to the Court that (a) the law firm of Tarasi—both its members and associates—are duly admitted to practice in this Court and before

(3rd Cir.1997); *In re Searles,* 70 B.R. 266, 271–272 (D.R.I.1987); *Stewart,* 154 B.R. at 711; *White,* 104 B.R. at 955, and (b) direct

the U.S. Trustee's Office to appoint whomever it wishes as a bankruptcy trustee to administer the State Court Action.

the Court in which the State Court Action is pending, (b) Tarasi neither holds nor represents an interest adverse to the instant debtor's bankruptcy estate, (c) that Tarasi is a disinterested person within the meaning of 11 U.S.C. §§ 327(a) and 101(14), and (d) the employment of Tarasi is both necessary and in the best interest of the instant debtor's bankruptcy estate. Because no entity with standing to object to the Trustee's application to employ (i.e., a party-in-interest with respect to the instant bankruptcy case) has levied an objection to such application, and since the preceding representations by the Trustee appear to the Court to be well-founded, the Court approves the Trustee's application to employ with the employment authorization regarding Tarasi dating from the time of the filing of such application, or from January 4, 2002.

As stated above, the State Court Action Defendants are not parties-in-interest with respect to the instant bankruptcy case, which means that they lack standing to participate in matters that deal solely with the administration of such case such as, *inter alia*, the Trustee's motion to reopen and application to employ. Therefore, the Court need not address such defendants' objections to the Trustee's application to employ. However, the Court notes in passing that it appears to the Court that the bulk, if not the entirety, of such objections by the State Court Action Defendants are predicated upon their assertion, in turn, that the Trustee lacked standing to attempt to resurrect the State Court Action in state court. Because, as set forth above, the Court finds that the Trustee possessed such standing, the objections by the State Court Action Defendants to the Trustee's application to employ are thus overruled in any event.

### IV.

**IN SUMMARY,** (a) the Trustee's motion to reopen the above-captioned bank-ruptcy case is **GRANTED** pursuant to 11 U.S.C. § 350(b), and (b) the Trustee is **AUTHORIZED** to employ the law firm of Tarasi, Tarasi & Fishman, P.C. to prosecute the State Court Action on behalf of the Trustee and the instant debtor's bankruptcy estate, such employment authorization dating from the time of the filing of the Trustee's application to employ.