**In re Peter M. DeLASH and Patricia Ann DeLash, Debtors.**

**No. 94–93414–A–7.**

United States Bankruptcy Court,
E.D. California,
Modesto Division.

Dec. 15, 2000.

Dan Nelson, Law Offices of Nelson & Schwab, Stockton, CA, for Debtors.

Bruce Emard, Sacramento, CA, trustee.

Jeffrey J. Lodge, U.S. Dept. of Justice, Fresno, CA, for Linda Ekstrom Stanley, U.S. Trustee.

## MEMORANDUM DECISION

MICHAEL S. McMANUS, Bankruptcy Judge.

### I

In this case, the debtors, Peter and Patricia DeLash, fully disclosed a preferential transfer to Mrs. DeLash's mother, Elsie Dias, in their Statement of Financial Affairs. Based on this disclosure, the trustee successfully sued Ms. Dias and obtained a money judgment pursuant to 11 U.S.C. §§ 547 and 550. While the trustee recorded a judgment lien against Ms. Dias' home, the trustee was unable to collect, compromise, or sell the judgment. After two years of fruitless efforts to turn the judgment into money, the trustee gave up and filed his final account. The final account was approved and a final decree closing the case was entered on November 17, 1999. That decree provided for the discharge of the trustee and the exoneration of his bond.

Approximately one year later, Mrs. DeLash offered to pay $11,500.00 to satisfy the judgment against her mother. The former trustee accepted this money and then asked the United States Trustee ("UST") to move to reopen the case and reappoint him as the chapter 7 trustee. The UST refused. This prompted the former trustee to file a motion to reopen the case. His motion also requested the court's permission to "administer the asset." [1] The UST opposes the motion.

### II

11 U.S.C. § 350(b) requires the court to reopen a bankruptcy case in order "to administer assets, to accord relief to the debtor, or for other cause." May a former chapter 7 trustee invoke section 350(b)? May the former trustee ask the court to invest him with authority to administer assets for the benefit of creditors?

---

1. Local Bankruptcy Rule 5010–1 permits the court to entertain a motion to reopen a case on an ex parte basis. *See also Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 914 (9th Cir. BAP 1999). However, Local Bankruptcy Rule 5010–1(a) directs that such a motion not be accompanied with any other relief. Here, the former trustee has asked that the case be reopened and that he be appointed by the court (not the UST) to distribute the funds collected from Mrs. DeLash to the creditors. Because of this latter request, the court required notice to the UST and a hearing on the motion.

## A

■ Typically, when an unadministered, unabandoned asset is discovered after the closing of a case, the UST moves to reopen the case. In the motion, the UST may also request, pursuant to Fed.R.Bankr.P. 5010, a determination by the court that appointment of "a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case." If the court makes this determination, the UST, not the court, appoints a trustee to administer the asset. In most instances, the UST reappoints the former chapter 7 trustee to again act as the trustee. The Bankruptcy Code, however, does not require reappointment.[2] 11 U.S.C. § 703(c).

It is the UST who is charged with establishing, maintaining, and supervising a panel of private trustees eligible and available to serve in chapter 7 cases. 28 U.S.C. § 586(a)(1). And, it is the UST who appoints trustees to serve in chapter 7 cases. 11 U.S.C. §§ 701(a) (interim trustees), 703(a) (successor trustees), and 703(c) (trustees in reopened chapter 7 cases).

The former trustee has framed his request for relief to make it appear the court will not be usurping the authority of the UST under section 703(c) if his motion is granted. The former trustee does not ask to be reappointed by the court, but merely requests that he be authorized to "distribute the proceeds of the ... judgment." Only a trustee, however, is authorized to

take possession of property of the chapter 7 estate, liquidate it, and distribute it to creditors. 11 U.S.C. § 704(1) & (2). Property of the estate includes any property recovered under section 550. 11 U.S.C. § 541(a)(3). Therefore, by asking the court to allow him to distribute money received on account of a preference judgment, the former trustee effectively asks the court to reappoint him. The court cannot do so.

## B

■ Just as the former trustee may not petition the court to reappoint him, he also has no standing to file a motion to reopen this chapter 7 case. Cf. In re Ayoub, 72 B.R. 808, 812 (Bankr.M.D.Fla.1987) (the bankruptcy court noted that the former trustee and his attorney "no longer [had] any cognizable interest simply because ... there is no longer a trustee" and no longer had "any standing to seek an order reopening this closed case").

Admittedly, there is authority to the contrary. For example, in White v. Boston (In re White), 104 B.R. 951 (S.D.Ind. 1989), the district court permitted the former chapter 7 trustee to reopen a chapter 7 case to administer previously unscheduled assets. The district court dismissed the reasoning of the court in Ayoub as "overly formalistic." [3] See also In re Winebrenner, 170 B.R. 878 (Bankr.E.D.Va. 1994); In re Stewart, 154 B.R. 711 (Bankr.

---

**2.** This is echoed by the *Handbook for Chapter 7 Trustees*, U.S. Dept. of Justice, Executive Office of the United States Trustees, Oct. 1, 1998, p. 8–36, which provides: "If a case is reopened, a trustee is appointed only upon order of the bankruptcy court. FRBP 5010. If the court orders appointment of a trustee, **the United States Trustee may or may not reappoint the original trustee to the case.**" [Emphasis added.]

**3.** Despite arguing in this case that the former trustee had no standing to move to reopen the case, the UST's *Handbook for Chapter 7 Trustees* comes to the opposite conclusion. It provides: "[I]f the court has officially closed a case, **the trustee,** the United States Trustee, or some other party in interest, will have to file a motion to reopen the case...." As concluded below, the UST's position in this case is correct and the handbook is incorrect, at least in the circumstances presented in this case.

D.Ill.1993); *In re Stanke*, 41 B.R. 379 (Bankr.W.D.Mo.1984).

The district court argued that if a former trustee was precluded from reopening a case, the same logic would bar a creditor from reopening the case because, by virtue of the chapter 7 discharge, the creditor would be a former creditor.

A pre-petition creditor, however, is entitled to have her claim satisfied from the property of the bankruptcy estate. 11 U.S.C. §§ 502(a) & 726. Unless the property of the estate is exempted by the debtor or abandoned to the debtor, it is subject to the distribution scheme mandated by section 726 and each creditor is entitled to receive her allocable share. 11 U.S.C. §§ 522, 554, & 726. If the case is closed and the debtor fails to duly schedule an asset or if the court expressly excepts a duly scheduled asset from the "technical" abandonment created by the closing of the case, that asset may be administered if the case is reopened for that purpose. 11 U.S.C. § 554(c). And once the case is reopened, the creditor, even though her claim may have been discharged, has a right to participate in any distribution resulting from the liquidation of the previously unadministered, unabandoned asset. Given this right, it would be illogical to argue that a creditor of a discharged chapter 7 debtor is a former creditor without standing to reopen the case.

A former trustee, at least in the circumstances presented by this case, has no comparable personal interest such as a claim for unpaid compensation. Nor does the former trustee have any official interest or status given his discharge from office. 11 U.S.C. § 350(a). If the court nonetheless reopened a chapter 7 case to permit the former trustee to administer a previously unadministered, unabandoned asset, the court would be intruding on the authority of the UST to appoint trustees.

When a former trustee becomes aware of an unadministered, unabandoned asset, the most appropriate course of action is to request the UST to move to reopen the case. The UST unquestionably has standing as well as the authority to appoint a trustee. 11 U.S.C. § 307 ("The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.").

The district court in *White v. Boston* also observed that other rules, such as Fed.R.Bankr.P.2002(a) and (b) and 4004(b), encompass "trustee" within the phrase "parties in interest". *White v. Boston*, 104 B.R. at 954. While none of the rules cited by it contain a phrase such as "the trustee or other party in interest" or something to that effect, it is difficult to image that a trustee is not a party in interest. *Cf.* Fed.R.Bankr.P. 5010. A former trustee, however, is not a trustee and there is no rule suggesting the contrary. Absent a right to office and a personal need for relief in a reopened case, the former trustee has no standing to ask that the case be reopened.

This conclusion is reinforced by cases discussing the former chapter 7 trustee's right to appear in the case once it is converted to chapter 13. Once a chapter 7 case is converted to chapter 13, "the service of any trustee . . . that is serving in the case before such conversion" is terminated. 11 U.S.C. § 348(c). Consequently, courts generally hold that the former chapter 7 trustee has no standing to seek reconversion of the case or to otherwise act for the bankruptcy estate. *See e.g., In re Kleber*, 81 B.R. 726, 727 (Bankr.N.D.Ga. 1987); *In re Wells*, 87 B.R. 732, 736 (Bankr.N.D.Ga.1988); *In re Rakosi*, 99 B.R. 47, 50 (Bankr.S.D.Cal.1989).

But if the former chapter 7 trustee or his professionals have unpaid expenses or fees arising from the rendition of pre-conversion services to the estate, they may appear in the chapter 13 case in order to preserve and satisfy their claims. *In re Wells*, 87 B.R. at 736. For example, in *In re Hages*, 252 B.R. 789 (Bankr.N.D.Cal. 2000), the debtor converted her case from chapter 7 to chapter 13 after the chapter 7 trustee had spent 5.1 hours administering the case. The court, without commenting on the issue of standing, permitted the former trustee to appear and obtain payment of her administrative compensation claims from the chapter 13 case.

In this case the former trustee does not seek to reopen the case in order to vindicate a personal claim or a claim of his professionals for compensation or reimbursement of expenses.[4] Nor is the trustee seeking other personal relief as in *In re Linton*, 136 F.3d 544 (7th Cir.1998), where the Seventh Circuit concluded that a former trustee could reopen a case in order to obtain an injunction enjoining the debtors from prosecuting a malicious prosecution suit against him in state court.

■ In short, the former trustee can be considered a party in interest for purposes of section 350(b) and Rule 5010 only if he has a personal stake in the relief that will be sought once the case is reopened. If he is seeking to reopen the case in order to resume duties as the estate fiduciary, he is not a party in interest and has no standing

because he has no right to be reinstated to his former office.

In this case, the trustee has advanced no such personal stake. He wishes instead to continue his administration of the estate despite being previously discharged as the trustee. Therefore, he has no standing. If some purpose will be served by reopening the case, it is incumbent on a creditor, the United States Trustee, the debtors, or some other party in interest (such as Mrs. DeLash's mother) to act.

## C

■ Whether one of these parties in interest should move to reopen the case turns on whether the preference judgment remains property of the estate despite the closing of the case. If closing resulted in its abandonment to the debtors, conceivably the debtors could release the judgment lien against Mrs. DeLash's mother's home. If the judgment was not abandoned by closing, then it will be necessary to reopen the case in order to pay the judgment and to obtain a release from the estate.

A careful reading of 11 U.S.C. § 554 reveals that the judgment has not been abandoned to the debtors. Section 554 provides:

(a) After notice and a hearing, the trustee may abandon **any property of the estate** that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

---

4. In most cases, a chapter 7 trustee would not have an unsatisfied compensation claim. The trustee receives a percentage of the amount distributed to creditors. In other words, the trustee gets no compensation beyond the minimum $60.00 unless his administration of the estate has yielded money for creditors. 11 U.S.C. §§ 326(a) & 330(b)(1). Given this and the fact that the trustee's compensation is entitled first priority payment as an adminis-

trative expense, if the trustee has earned compensation, it is likely to be paid. 11 U.S.C. §§ 330, 503(b)(2), 507(a)(1), and 726(a). Only when the estate is administratively insolvent is it likely that the trustee's compensation will not be paid in full. In this situation, the trustee must share the available money with all others owed unpaid administrative expenses. 11 U.S.C. § 726(b).

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon **any property of the estate** that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, **any property scheduled under section 521(1)** of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, **property of the estate** that is not abandoned under this section and that is not administered in the case remains property of the estate.

In other words, while the case is open, the court may order the abandonment of any property of the estate on the motion of the trustee or any party in interest. 11 U.S.C. § 554(a) & (b). Subsections (a) and (b) use the broadest possible term, "property of the estate," when describing the property the court may order the trustee to abandon. This term, as defined by section 541, includes not just a debtor's pre-petition and scheduled assets, but also includes any property recovered by a trustee pursuant to section 550, such as a preference judgment.

■ This is in contrast to the language of section 554(c) which uses the more restrictive term, "any property scheduled under section 521(1)." Thus, when there is no court order pursuant to section 554(a) or section 554(b), unadministered property is abandoned by operation of law only if it was scheduled under section 521(1). If the debtor is not required by section 521(1) to schedule property, that property will not be abandoned by operation of law.

■ The phraseology of section 554(c) means that there are three categories of unadministered assets that are not abandoned by operation of law. First, as permitted in the preamble of section 554(c), the court may expressly order that a scheduled asset will not be abandoned when the case is closed. This permits a trustee to close the case yet preserve for the estate an asset with possible future value even though it has no immediately realizable value. *In re Hart,* 76 B.R. 774 (Bankr.C.D.Cal.1987).

Second, if the debtor has failed to schedule an asset, the closing of the case will not result in its abandonment. When an asset is omitted from the schedules, it cannot be presumed that the trustee knew of the asset and meant to abandon it by closing the case. *See e.g., Havelock v. Taxel (In re Pace),* 159 B.R. 890, 898–99 (9th Cir. BAP 1993), *reversed in part,* 67 F.3d 187 (9th Cir.1995); *In re Arista Devices Corp.,* 94 B.R. 26 (E.D.N.Y.1988). Such an asset is neither abandoned nor administered and remains property of the estate despite the closing of the case. 11 U.S.C. § 554(d).

Third, if the property of the estate in question is not of the type the debtor is required to schedule, it is not abandoned by operation of law when the case is closed.

This case is illustrative of this last category. Outside of the bankruptcy context, a preferential transfer is not regarded as an asset of the debtor-transferor.[5] Just as the debtor-transferor will not list a preference on his financial statement prior to filing bankruptcy, once in bankruptcy such a transfer is not listed as an asset on the

---

**5.** This is not to say that the concept of a preference does not exist outside of bankrupt-

cy court. *See* Cal.Civ.Pro.Code § 1800.

schedules. Nothing in section 521(1) or in Rule 1007(b)(1) or in Official Form 6 suggests that a preferential transfer under section 547 is an asset that must be scheduled. While Question 3 of Official Form 7, the Statement of Financial Affairs, is designed to elicit information about possible preferential transfers, section 554(c) makes no reference to payments and transfers disclosed in the Statement of Financial Affairs. Instead, section 554(c) mentions only "scheduled" property, a clear reference to the "schedule of assets". 11 U.S.C. § 521(1).

Based on this reading of sections 554(c) and 541(a)(3), the court concludes that neither a preference nor a preference judgment is "property scheduled under section 521(1)" and therefore cannot be abandoned by operation of law.

In reaching this conclusion, the court does not conclude that every interest in property described in section 541(a)(3) cannot be abandoned to the debtor. For example, if the trustee compels a custodian pursuant to 11 U.S.C. § 543 to turnover property of the debtor to the trustee, the property subject to the turnover proceeding is likely to be scheduled by the debtor as property of the estate. In the event the property is scheduled and not administered by the trustee, it will be abandoned by operation of law.

Nor is the court concluding that judgments obtained by the trustee in the name of the bankruptcy estate cannot be abandoned by operation of law. For example, if the debtor schedules an account and the trustee sues to collect the account but cannot collect the resulting judgment, closing the case will abandon the judgment to the debtor. The account has simply been replaced by the judgment.

A judgment permitting the trustee to recover a preferential transfer or its value is unlike either of these situations. The judgment does not replace an asset of the debtor. Put differently, a judgment recovering a preferential transfer cannot revest in the debtor simply because the debtor was never vested with the pre-petition right to recover the preference.

## III

Therefore, while the former trustee cannot move to reopen the case, the debtors, any of the creditors, Ms. Dias, or the United States Trustee may make that motion. Since the preference judgment was not abandoned, there is reason to reopen the case.