**INDUSTRIAL CLEARINGHOUSE, INC., Appellant,**

v.

**JACKSON WALKER, L.L.P., Appellee.**

No. 05–03–01752–CV.

Court of Appeals of Texas, Dallas.

April 18, 2005.

Rehearing Overruled May 25, 2005.

Jody Sheets, Glast, Phillips & Murray, P.C., D. Patrick Long, Law Office of D. Patrick Long, Dallas, for Appellant.

Luke Madole, Jeffrey S. Levinger, Carrington, Coleman, Sloman & Blumenthal, Dallas, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

This is a legal malpractice action brought by appellant Industrial Clearing-

house, Inc. against appellee Jackson Walker, L.L.C. In its petition, appellant asserted malpractice claims on behalf of Coastal Plains, Inc. (as Coastal's successor in interest) as well as malpractice claims on its own behalf. After granting two partial summary judgments in favor of Jackson Walker, the trial court rendered a final take-nothing judgment against appellant. In two issues, appellant challenges the trial court's summary judgments with respect to Coastal's malpractice claims and its own malpractice claims against Jackson Walker. For the reasons that follow, we affirm the trial court's judgment.

This lawsuit has its genesis in a bankruptcy proceeding filed in 1986. Jackson Walker represented Coastal as debtor in possession in the bankruptcy court. While Coastal's bankruptcy case was pending, appellant purchased several of Coastal's assets including its causes of action against Browning Manufacturing (Coastal's largest supplier). The Browning claims were tried in federal court and judgment was rendered in favor of Coastal/appellant. The judgment was ultimately reversed on appeal after the fifth circuit concluded Coastal/appellant were judicially estopped from asserting the claims because Coastal never disclosed the Browning claims in its bankruptcy schedules or in its stipulation for lifting the automatic bankruptcy stay to allow Coastal's largest secured creditor to foreclose on Coastal's assets.

After losing the Browning judgment, appellant filed this lawsuit on April 27, 2001 as Coastal's successor in interest. Appellant asserted Jackson Walker was negligent in failing to disclose the Browning claims to the bankruptcy court and never advised Coastal that the claims should have been disclosed. Appellant's petition was later amended to include a legal malpractice claim on appellant's own behalf. Specifically, appellant asserted that Jack-

son Walker negligently assisted it in purchasing the Browning claims by failing to disclose that the claims had not been scheduled in the bankruptcy proceeding or by failing to take the steps necessary to preserve the viability of these claims. Jackson Walker filed several motions for partial summary judgment, two of which the trial court granted. After appellant non-suited its remaining claim, the trial court rendered a final, take-nothing judgment against it. Appellant timely filed this appeal challenging two of the trial court's partial summary judgments.

In its first issue, appellant contends the trial court erred in granting summary judgment (and denying its motion for new trial) with respect to the legal malpractice claims appellant brought on behalf of Coastal. Jackson Walker moved for summary judgment on these claims asserting, among other things, that appellant never acquired ownership of Coastal's malpractice claims because Coastal never acquired the claims from Coastal's bankruptcy estate. Appellant acknowledges the bankruptcy estate's initial ownership of the claims. It argues, however, that once the bankruptcy case was closed, the malpractice claims were abandoned to Coastal as a matter of law pursuant to 11 U.S.C. § 554(c). Jackson Walker, on the other hand, asserts Coastal's post-petition malpractice claims cannot be abandoned under section 554(c) because they were not property *required* to be scheduled under section 521(1). The question before us, then, is whether Coastal's malpractice claims against Jackson Walker are subject to automatic abandonment pursuant to section 554(c).

■ Because Jackson Walker moved for a traditional motion for summary judgment on these claims, it had the burden to demonstrate no genuine issues of material fact existed and that it was entitled to

judgment as a matter of law. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The summary judgment evidence reveals that Coastal's claims against Jackson Walker arose after the filing of the original petition for bankruptcy. Such post-petition legal malpractice claims become the property of Coastal's bankruptcy estate. *See In re C–Power Products, Inc.*, 230 B.R. 800, 803 (N.D.Tex. 1998). Appellant, however, relies on section 554(c) of the bankruptcy code in support of its position that the claims reverted to Coastal upon the closing of the bankruptcy case.

■ Section 554(c) of the bankruptcy code provides that absent a court order stating otherwise, any property scheduled under section 521(1) and not otherwise administered at the time of the closing of the case is automatically abandoned to the debtor. 11 U.S.C. § 554(c). Unlike sections 554(a) and 554(b), which apply to any property, section 554(c) is specifically limited to "any property scheduled under section 521(1)." 11 U.S.C. § 554. The only property required to be scheduled under section 521(1) is that property that was owned by the debtor at the time of the filing of the petition for bankruptcy. *See* 4 COLLIER OF BANKRUPTCY ¶ 521.06[3][a] (15th rev. ed.2002) (no general duty to amend schedules to list property acquired during a case, despite the fact that such property becomes property of the estate). Coastal's malpractice claims against Jackson Walker arose after the bankruptcy petition was filed, were not owned by Coastal at the time the petition was filed, and therefore were not required to be scheduled under 521(1). Because such post-petition property is not "property scheduled under 521(1)," it is not subject to the technical abandonment provisions of 554(c). In reaching this conclusion, we find *In re*

*DeLash*, 260 B.R. 4, 9 (E.D.Cal.2000) persuasive.

In *DeLash*, the court addressed the issue of who was entitled to reopen a bankruptcy case for purposes of dealing with money received on a preference judgment after the case had been closed. Resolution of that question depended upon whether the preference judgment remained in the bankruptcy estate or whether it was abandoned to the debtors at the closing of the bankruptcy case under section 554(c). *Id.* at 8.

After analyzing section 554 in its entirety, the court reasoned "if property of the estate in question is not of the type the debtor is required to schedule, it is not abandoned by operation of law when the case is closed." *Id.* at 9. Concluding that the preferential transfer and preferential judgment were not required to be scheduled under 521(1), the court stated they could not be abandoned by operation of law under 554(c). In contrast to *DeLash*, appellant relies on *In re Kottmeier*, 240 B.R. 440 (M.D.1999) and *In re Menk*, 241 B.R. 896 (9th Cir.BAP1999) to support its position that such post-petition claims may be abandoned under section 554(c). While these cases may suggest the possibility of a section 554(c) abandonment for post-petition property, there is little or no analysis accompanying their conclusions. We find the reasoning of *DeLash* persuasive and reject appellant's cases to the extent they suggest otherwise.

Here, like *DeLash*, post-petition malpractice claims were not required to be scheduled under 521(1). Accordingly, they were not subject to section 554(c)'s technical abandonment provisions and Coastal did not acquire the claims at the close of its bankruptcy case. Instead, the claims remain the property of the bankruptcy estate. Coastal's failure to acquire ownership of the malpractice case necessarily

means that appellant does not own the claim as Coastal's successor. We therefore conclude the trial court did not err in granting summary judgment to· Jackson Walker on Coastal's malpractice claim. We resolve appellant's first issue against it.

■ In its second issue, appellant challenges the trial court's summary judgment and denial of its motion for new trial with respect to its own malpractice claim against Jackson Walker. Specifically, appellant contends it presented sufficient evidence on each element of its claim to defeat Jackson Walker's no-evidence summary judgment motion. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Texas Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). We must therefore determine whether appellant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 833. When analyzing a no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant. *See id.*

■ To prevail on its legal malpractice claim, appellant must show (1) Jackson Walker owed appellant a duty, (2) Jackson Walker breached that duty, (3) the breach proximately caused appellant's injuries, and (4) damages occurred. *Alexander v. Turtur & Assocs., Inc.,* 146 S.W.3d 113 (Tex.2004). Although Jackson Walker's no-evidence summary judgment motion challenged each element of appellant's legal malpractice claim, we focus only on whether Industrial presented sufficient evidence on the element of proximate cause as this analysis is dispositive of this issue. Because appellant alleges that some failure on Jackson Walker's part caused the adverse result in the Browning litigation, it must produce evidence from which a jury may reasonably infer that the attorney's conduct caused the damages alleged. *See id.* at 117. In other words, appellant had to produce evidence to raise a fact issue as to whether the fifth circuit would have decided the underlying Browning litigation differently if Jackson Walker had not been negligent. To meet this burden, appellant was required to present expert evidence explaining the legal significance of Jackson Walker's alleged failure and the impact of this failure on the fifth circuit ruling. *See id.* at 118. This it did not do.

■ Appellant first relies on the fifth circuit's June 18, 1999 opinion as evidence of causation. Specifically, it focuses on the fifth circuit's holding that appellant was judicially estopped from recovering the judgment as a result of the debtor Coastal's failure to disclose the Browning claims in Coastal's bankruptcy proceeding. The fifth circuit opinion, however, does not constitute expert evidence that Jackson Walker caused any damage to appellant. The opinion does not address the issue of legal malpractice on the part of Jackson Walker or connect any actions of Jackson Walker to appellant's alleged damages (the loss of the Browning judgment).

■ Appellant attempted to make such a connection through its expert, Richard Countiss. Appellant initially refers to Countiss's supplemental report in which he states that certain enumerated failures on the part of Jackson Walker were "either singularly or in combination ... the proximate causes of damages to [appellant]." Appellant further directs us to Countiss's deposition where he states, "It was my opinion that Jackson Walker was negligent and that that negligence caused damage to Coastal/ICHI" and, "My first conclusion was that without the—without the negligence, the judgment probably would have

been affirmed." The trial court, however, sustained Jackson Walker's objections to the "opinions of Countiss as to proximate cause or damage." Because appellant has not challenged the trial court's evidentiary ruling on appeal, we will not consider this evidence in our review. *See Vallance v. Irving C.A.R.E.S., Inc.,* 14 S.W.3d 833, 838 (Tex.App.-Dallas 2000, no pet.).

 As additional evidence of causation, appellant cites extensively from an affidavit by Countiss attached to its motion for new trial. This affidavit was not before the trial court at the time of the summary judgment hearing and ruling. Generally, a party may not rely on new evidence in a motion for new trial unless it demonstrates the evidence was newly discovered and could not have been discovered through due diligence prior to the ruling on the summary judgment motion. *See McMahan v. Greenwood,* 108 S.W.3d 467, 500 (Tex.App.-Hous. [14th Dist.] 2003, pet. denied) Appellant does not argue that the affidavit was newly discovered evidence and could not have been discovered through due diligence prior to the trial court's ruling. Instead, appellant asserts that because it was unaware the trial court was going to sustain Jackson Walker's objections until the trial court signed the order granting summary judgment, it must be given the opportunity to amend its summary judgment proof.

After the trial court sustained Jackson Walker's objection, appellant never requested by its motion for new trial, rehearing or otherwise the opportunity to amend its summary judgment evidence. Consequently, this complaint has not been preserved for review. In order to preserve a complaint for appellate review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling it requests and obtain a ruling on that request. Tex.R.App. P. 33.1.

 Finally, appellant refers us to two other affidavits as evidence of causation. First, it presents the affidavit of Wayne Duke, appellant's CEO. Duke states that he consulted with Jackson Walker about possibly acquiring the Browning claims. While this evidence arguably raises a fact issue on the element of duty, it is irrelevant with respect to the issue of causation. Appellant also contends evidence of causation can be found in the affidavit of its bankruptcy expert Marillee Madan who states "leave to amend or supplement a bankruptcy schedule is freely given." Again, this evidence does not support a finding that Jackson Walker's action or inaction caused appellant damage. We resolve appellant's second issue against it.

We affirm the trial court's judgment.