

NUMBER 13-13-00658-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAIME SALINAS AND ROSA
SALINAS,                                                    Appellants,

v.

TONY MARTINEZ, INDIVIDUALLY
AND AS GENERAL PARTNER OF
MARTINEZ, BARRERA, &
MARTINEZ, LLP.,                                            Appellees.

On appeal from the 197th District Court of
Cameron County, Texas.

# MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria

Jaime and Rosa Salinas, acting as the legal guardians of their son Abraham Salinas, challenge a summary judgment granted in favor of appellee Tony Martinez, individually and as a general partner of Martinez, Barrera, & Martinez, LLP (collectively, "Martinez"). We affirm.

## I. BACKGROUND

### A. *Alvear* Toxic-Tort Case

Jaime and Rosa were co-plaintiffs, individually and as next friends of their deceased son, Jaime Salinas, Jr., in a mass toxic tort case in Cameron County, Texas, for which Martinez served as lead counsel. *See Juan & Alma Alvear, et al v. Leonard Electronic Products Co., et al*, No. 1993-1354-A (107th Dist. Ct., Cameron County, Tex.) (1993) ("*Alvear* Case"). The theory of the *Alvear* Case was that atmospheric pollution caused by the corporate defendants contributed to a high rate of encephalitic children born in the Rio Grande Valley. Jaime Jr. was born with encephalitis and died within twenty-four hours of birth. Rosa became pregnant again during the pendency of the *Alvear* Case and gave birth to Abraham Salinas, their second child. Abraham is currently an incompetent adult.

Several of the *Alvear* defendants settled during pre-trial proceedings. The releases signed by the plaintiffs were reviewed by Martinez and included language which, according to appellants, released the settling defendants from liability for similar health problems suffered by any future children born to the plaintiffs.

In May of 2008, Martinez sent letters to the plaintiffs in the *Alvear* Case, informing them that an audit of the firm's accounts disclosed that it had not disbursed the entirety of the funds kept in the firm trust account established to hold funds for the litigation. The

2

letter stated that the firm had retained the funds to cover post-settlement expenses related to the case. The total amount of the funds in the account was $91,259.39. Jaime and Rosa's proportional shares totaled $5,265.67.

### B. Proceedings in the Trial Court

Appellants filed suit against Martinez, alleging that Martinez breached a fiduciary duty owed to them by not properly accounting for and reporting the gross settlement amounts and costs. Appellants also alleged that Martinez overstated his fees and expenses, and that the fees and expenses were unconscionable. Appellants further contended that Martinez had a fiduciary duty to either represent Abraham or to take "active steps" to find legal counsel for him. Appellants also asserted a claim for legal malpractice, alleging that Martinez approved too-broad language in the releases which included Jaime and Rosa individually when they were not aware that they were also suing for their own exposure to toxic chemicals. Finally, appellants alleged that Martinez failed to narrow the language of the releases to exclude-later born children of the plaintiffs even though he was aware that Rosa was pregnant at the time of the settlements.

Martinez filed a motion for traditional summary judgment asserting the affirmative defense of limitations. On July 12, 2013, Martinez filed a supplement to the motion asserting both traditional and no-evidence points. The trial court issued a docket-control order providing that it would "consider MSJ and response on submission" on August 16, 2013. An extensive discovery dispute followed, and appellants did not file a response to Martinez's motion for summary judgment until August 15, 2013. On August 20, 2013, the trial court signed a take-nothing summary judgment in favor of Martinez. The order granting summary judgment recited that appellants filed no response to either the original

motion or the supplemental motion.

Appellants filed a verified motion for new trial on September 18, 2013, and an amended verified motion for new trial on October 30, 2013. The trial court judge held a hearing on November 7, 2013, and determined that the motion for new trial had already been overruled by operation of law after seventy-five days. *See* TEX. R. CIV. P. 329b. The trial court further ruled that the amended motion was untimely and would not be considered. Appellants timely filed a notice of appeal.[1]

By eight issues, which we address as nine, appellants argue that: (1) the trial court abused its discretion by not considering appellants' response to Martinez's motions for summary judgment; (2) the trial court abused its discretion by not setting the motions for an oral hearing; (3) the trial court erred in granting summary judgment because appellants brought forth sufficient facts to defeat summary judgment on appellants' claim for breach of fiduciary duty; (4) the trial court erred by overruling the motion for new trial on the basis of newly-discovered evidence; (5) the trial court erred by denying the motion for new trial because it presented "good cause" to hold a new trial; (6) the trial court violated appellants' federal due process rights by refusing to consider their response to the motions for summary judgment; (7) the trial court abused its discretion by not considering the amended motion for new trial as a motion for reconsideration of the first motion; (8) the trial court erred by refusing appellants' offer of proof on an issue of extrinsic fraud; and (9) extrinsic fraud requires reversal of the judgment.

---

[1] The order granting summary judgment also assessed $1,000 in discovery sanctions against appellants and their trial counsel. That sanction is not at issue in this appeal.

4

## II. SUMMARY JUDGMENT STANDARDS OF REVIEW

We review the granting of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When, as here, the trial court does not specify the ground for its ruling, we will affirm if any of the grounds presented in the motion were meritorious. *Id.* In a no-evidence motion, the respondent bears the burden of producing evidence raising an issue of material fact on all of the essential elements of the respondent's claim challenged in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *see* TEX. R. CIV. P. 166a(i). In a traditional motion, the movant has the burden to show both that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). If appellants were not able to produce a scintilla of evidence to raise a fact issue under Rule 166a(i), there is no need to address whether Martinez's proof satisfied the burden under Rule 166a(c). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

In either case, the ultimate question is whether a fact issue exists. *Neely v. Wilson*, 418 S.W.3d 52, 59 (Tex. 2013) (op. on reh'g). A fact issue exists if there is more than a scintilla of probative evidence to support the challenged element of the claim. *Id.* Evidence is more than a scintilla if it "would enable reasonable and fair-minded jurors to differ in their conclusions." *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam); *accord King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). Evidence is less than a scintilla if it "so weak as to do no more than create a mere surmise or suspicion of a fact." *Nalle Plastics Family Ltd. P'ship v. Porter, Rogers, Dahlman & Gordon, P.C.*, 406 S.W.3d 186, 199 (Tex. App.—Corpus Christi 2013, pet. denied)

5

(internal quotations omitted).  We review the summary judgment record in the light most favorable to the non-movant and indulge every reasonable inference and resolve every doubt in the non-movant's favor.  *Neely*, 418 S.W.3d at 59–60.

### III. DISCUSSION

#### A. Summary-Judgment Response

By their first issue, appellants argue that the trial court erred by not considering their combined response to appellants' summary-judgment motions.  A response to a motion for summary judgment must be filed no later than seven days before the date of the hearing on the motion except on leave of the trial court.  TEX. R. CIV. P. 166a(c).  A motion for leave should be granted when a litigant establishes good cause for failure to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) that allowing the late response will not cause any undue delay or otherwise injure the party seeking summary judgment.  *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002).  The record must indicate that the trial court affirmatively allowed or denied permission to file a late response or else the response is a nullity.  *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 n.1 (Tex. 1988); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 663 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).  Appellants do not argue that they requested leave of the trial court to file a late response and do not point us to any indication that the trial court either granted or denied permission to file.  *See Goswami*, 751 S.W.2d at 490 n.1; *Pipkin*, 383 S.W.3d at 663.  We overrule appellant's first issue.

**B. Hearing**

Rule 166a(c) provides, in relevant part, that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response." TEX. R. CIV. P. 166a(c). Appellants assert by their second issue that the court erred by setting only a date for submission of the motions for summary judgment and not a date for an oral hearing. Appellants reason that the language of Rule 166a(c) requires an oral hearing because a "'[h]earing' is not the same as [a] 'submission.'" The Texas Supreme Court settled this issue in *Martin v. Martin, Martin & Richards, Inc.,* where it affirmatively ruled that the language of Rule 166a(c) does not require an oral hearing. 989 S.W.2d 357, 359 (Tex. 1998) (per curiam). If the trial court decides not to hold a hearing, the parties must be informed of the date of submission, so that the respondent knows when the response is due under Rule 166a(c). *See id.*; *Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex. App.—Tyler 2005, no pet.) ("The date of submission has the same meaning as the day of hearing under Texas Rule of Civil Procedure 166a(c)."). Appellants do not dispute that they received notice of the date of submission. We overrule appellants' second issue. *See Martin*, 989 S.W.2d at 359; *Rorie*, 171 S.W.3d at 583.

**C. Summary Judgment**

Appellants assert in their third issue that summary judgment was improper because there were issues of fact remaining on all elements of their claim for breach of fiduciary duty. The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary relationship between the plaintiff and the defendant; (2) breach of that duty by the defendant; (3) an injury to the plaintiff or benefit to the defendant caused by the

7

defendant's breach. *Guevara v. Lackner*, 447 S.W.3d 566, 579 (Tex. App.—Corpus Christi 2014, no pet.); *SJW Prop. Commerce, Inc. v. Sw. Pinnacle Prop., Inc.*, 328 S.W.3d 121, 154 (Tex. App.—Corpus Christi 2010, pet. denied) (op. on reh'g). After Abraham's birth, Martinez expressly declined to represent him in the *Alvear* litigation. Appellants' argument is that Martinez had a fiduciary duty to represent Abraham that arose out of his relationship with Jaime and Rosa. Martinez's supplemental motion challenged the existence of evidence supporting all elements of the claim.

An attorney owes a fiduciary duty to the attorney's clients as a matter of law, *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 199 (Tex. 2002), but an attorney-client relationship generally does not gives rise to a fiduciary duty to non-clients. *See Swank v. Cunningham*, 258 S.W.3d 647, 666 (Tex. App.—Eastland 2008, pet. denied); *Safeway Managing Gen. Agency, Inc. v. Clark & Gamble*, 985 S.W.2d 166, 168 (Tex. App.—San Antonio 1998, no pet.). Courts also recognize "an informal fiduciary duty that arises from a moral, social, domestic or purely personal relationship of trust and confidence," but the Texas Supreme Court has cautioned that we should not impose such a duty lightly. *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) (internal quotations omitted). The special relationship of trust and confidence between the parties must have existed "prior to, and apart from, the agreement made the basis of the suit." *Id.* (citing *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 288 (Tex. 1998)). In this case, by not responding to the motions for summary judgment, appellants presented no evidence that a special relationship of trust existed between appellants and Martinez. *See id.*; *see also Bradshaw v. Bonilla*, No. 13-08-00595-CV, 2010 WL 335676, at \*3 (Tex. App.—Corpus Christi Jan. 28, 2010, pet. denied) (mem. op.) (holding that plaintiff did not

8

have a fiduciary relationship with an attorney she hired to represent her granddaughter in various matters and to whom she sent large sums of money because she had no reason to place special trust in the attorney).  Because appellants have not carried their burden to produce more than a scintilla of evidence raising an issue of fact on the element of the existence of a duty, we conclude that the court did not err in granting no-evidence summary judgment to Martinez.  *See Tamez*, 206 S.W.3d at 582.  We overrule appellant's third issue.

### D.  Motion for New Trial

Appellants assert in their fourth issue that the trial court erred in denying their motion for new trial based on new evidence.  Appellants attached to the motion for new trial an affidavit by Jaime verifying all of the allegations in appellants' live petition.  We review the denial of a motion for new trial based on newly-discovered evidence for abuse of discretion.  *Garcia v. Allen*, 28 S.W.3d 587, 602 (Tex. App.—Corpus Christi 2000, pet. denied).  A party generally may not rely on new evidence in a motion for new trial following summary judgment unless:  (1) the evidence was newly discovered, and (2) could not have been discovered through due diligence prior to the trial court's ruling on the summary-judgment motion.  *Indus. Clearinghouse, Inc. v. Jackson Walker, L.L.P.*, 162 S.W.3d 384, 389 (Tex. App.—Dallas 2005, pet. denied); *Risner v. McDonald's Corp.*, 18 S.W.3d 903, 909 (Tex. App.—Beaumont 2000, pet. denied).  Appellants do not argue that this evidence was newly discovered or explain why it could not have been obtained with due diligence prior to the trial court's ruling.  *See Indus. Clearinghouse*, 162 S.W.3d at 389 (holding that the trial court did not abuse its discretion in overruling a motion for new trial with an attached affidavit from an expert when the movant did not attempt to meet

9

either prong of the test regarding the affidavit). We conclude that the trial court did not err in denying the motion for a new trial on this ground. We overrule appellants' fourth issue.

### E. Good Cause

Appellants assert by their fifth issue that "[i]t was an abuse of discretion for the trial court to deny plaintiffs' (first) motion for new trial as to plaintiffs's sole cause remaining, namely, breach of fiduciary duty for refusing to represent Mr. Abraham." In the text of the issue, appellants cite to the general rule governing new trials, *see* TEX. R. CIV. P. 320, and argue that "it is respectfully suggested that [appellants] provided the trial court with good cause for granting a new trial." Appellants do not present any additional arguments under this issue. To the extent that appellants are making a separate argument, we overrule it as inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (providing that the "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

### F. Due Process

Appellants argue by their sixth issue that the trial court violated their right to due process when it did not consider their response to Martinez's motions for summary judgment. "General principles of due process dictate that a litigant has a right to be heard and that the court must protect that right." *Striedel v. Striedel*, 15 S.W.3d 163, 166 (Tex. App.—Corpus Christi 2000, no pet.). However, appellants have not provided any authority, and we have found none, supporting the theory that due process required the trial court to consider a late-filed response to Martinez's motions for summary judgment,

and they do not explain why we should come to that holding.[2]  *See* TEX. R. APP. P. 38.1(i); *Abdelnour v. Mid Nat. Holdings, Inc.*, 190 S.W.3d 237, 241–42 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that even a novel argument must be grounded in the relevant jurisprudential framework for evaluating the claim) (citing *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000)).  We overrule appellants' sixth issue as inadequately briefed.  *See* TEX. R. APP. P. 38.1(i).

### G.  Motion for Reconsideration

By their seventh issue, appellants argue that the court erred by not treating appellant's amended motion for new trial as a motion for reconsideration of the first motion for new trial.

The Texas Supreme Court has held that an amended motion for new trial filed more than thirty days after the judgment is signed is untimely and that the trial court is not obligated to consider it.  *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69 (Tex. 2008) (orig. proceeding); *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003); *see* TEX. R. CIV. P. 329b(b) ("One or more amended motions for new trial may be filed without leave of court before any preceding motion for new trial by the movant is overruled and within thirty days after the judgment or other order complained of is signed").  If the trial court ignores the untimely motion, "it is ineffectual for any purpose."  *Moritz*, 121 S.W.3d at 720.

In this case, the trial court signed a final judgment on August 20, 2013.  Appellants filed a motion for new trial on September 18, 2013, and an amended motion on October 30, 2013.  Because appellants' amended motion for new trial was filed more than thirty

---

[2] Appellants cite only a United States Supreme Court case from 1856, *Den ex dem. Murray v. Hoboken Land & Imp. Co.*, 59 U.S. 272, 15 L.Ed. 372 (1855), and a concurrence by Justice Scalia mentioning *Murray* as part of a general discussion of the history of the interpretation of the phrase "due process."  *See Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 30 (1991) (Scalia, J., concurring).

days after the trial court signed the judgment, the trial court was under no obligation to consider it. *See id.* We overrule appellants' seventh issue.

### H. Offer of Proof and Extrinsic Fraud

During the hearing on appellant's amended motion for new trial and after the trial judge determined that the motion was untimely, appellants' trial counsel requested that the judge permit him "to take some testimony to fill in the gaps, if any, on whatever factual points there are with respect—." The trial judge interjected that he would not permit appellants to present evidence by way of testimony because he had already determined that the amended motion was untimely filed, and the first motion had been overruled by operation of law. Appellants argue by their eighth issue that appellants' counsel was attempting by that question to make an offer of proof of extrinsic fraud and that it was error for the trial court to deny it. By their ninth issue, appellants ask us to reverse the judgment on the basis of extrinsic fraud. The extrinsic fraud appellants allege is that Martinez allegedly engaged in "cyber attacks" against appellants' counsel's computer during vital stages of the litigation.

Extrinsic fraud "is fraud that denies a litigant the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012). Appellants raised the issue of extrinsic fraud in their amended motion for a new trial but not in the timely motion for a new trial. If the trial court does not consider or act on a subsequent, untimely motion for new trial, then the motion "is a nullity for purposes of preserving issues for appellate review." *Moritz*, 121 S.W.3d at 720. The trial court in this case ruled that the second motion for new trial was untimely and that it would not be considered. Because appellants raised this issue only in their

first amended motion for a new trial, they did not preserve the issue of extrinsic fraud for our review.[3]  *See id.*  Accordingly, the trial court did not err in refusing to permit appellants' counsel to make an offer of proof by way of presenting evidence on matters that were never properly before the court.  *See id.*  We overrule appellants' eighth and ninth issues.

## IV. CONCLUSION

We affirm the judgment of the trial court.


NORA L. LONGORIA
Justice

Delivered and filed the
19th day of March, 2015.

---

[3] We note that appellants do not explain what "rights or defenses" could have been asserted at trial but were not due to the alleged "cyber attacks."  *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012).  Appellants argue only that these alleged attacks occurred repeatedly during crucial times in the litigation and that "[c]rucial files were lost.  Counsel's time was hijacked."  Appellants give no other specifics.

13